LYMAN J. HITCHCOCK, ADMINISTRATOR, ETC., v. GEORGE E. TAYLOR, JUDGE OF PROBATE OF GENESEE COUNTY.

*Probate courts—Jurisdiction—Claims.*

1. A judge of probate has no power to set aside his own adjudications and grant rehearings.[1]
2. An application for a *mandamus* to compel a probate judge to vacate an order setting aside an order disallowing a claim, and granting a rehearing, is properly made to the Supreme Court, where the circuit judge was, before taking his seat upon the bench, one of the attorneys in the matter.[2]
3. A bequest by a husband to his wife of the sum he had promised to pay her at his death in case she would become his wife will not prevent her from recovering said sum from his estate; and it is error for the probate court to disallow a claim by

---

[1] See *Corby v. Judge of Probate*, 96 Mich. 11, holding that the probate court has no power to vacate an order admitting a will to probate.

[2] For cases construing Circuit Court Rule No. 107, which gives circuit courts jurisdiction in certain *mandamus* proceedings, see *Loranger v. Navarre*, 97 Mich. 615, and note.

the widow for said sum on the ground that the bequest was intended by the testator to be in lieu of said claim.

*Mandamus.* Argued January 16, 1894. Granted February 20, 1894.

Relator applied for *mandamus* to compel respondent to vacate an order setting aside an order disallowing a claim filed against an estate, and granting a rehearing, etc. The facts are stated in the opinion.

*Durand & Carton,* for relator.

*Edward S. Lee,* for respondent.

McGRATH, C. J. P. A. Skinner died leaving a will which contained a bequest to his wife of $2,000. Claims against the estate were heard by the judge of probate. The widow presented the following antenuptial agreement:

"BURTON, January 24, 1886.

"I hereby agree to pay Mary A. Kimball, if she becomes my wife, at my death, $2,000, it to be paid out of my insurance; if in any event said insurance is not sufficient, it to be paid out of my property situated in Burton.

"P. A. SKINNER."

The judge of probate admitted testimony tending to show that the purpose of the bequest made by the will was the performance of this agreement, and rejected the claim, reporting thereon as follows:

"Disallowed because testator provided in will a legacy in lieu of said debt, as shown by the evidence."

Within 30 days thereafter the widow filed her election to take under the statute and not under the will, and then filed her petition setting forth such election, asking leave " to file another claim against the said estate for the allowance of the said debt, * * * and, if any order has been made disallowing said claim, that the same may be

set aside or modified, and a rehearing granted, and the matter of hearing claims reopened." The judge of probate granted the prayer of the petition, and the administrator applies for a *mandamus* directing a vacation of said order. It appears that the circuit judge was, before taking his seat upon the bench, one of the attorneys in the matter, and the case is properly here.

Even though it be true that the bequest in the will was intended to be in lieu of the claim presented, the judge of probate erred in disallowing the claim for that reason, and claimant should have appealed from such disallowance. Decedent could not, by the bequest, postpone the payment of a valid claim until the payment of all other creditors. The proper time to raise the question as to the widow's right to the bequest would have been upon the distribution of the estate.

The probate court is a tribunal of limited jurisdiction, and the judge of probate has no power to set aside his own adjudications and grant rehearings. *Pettee v. Wilmarth,* 5 Allen, 144; *In re Hudson,* 63 Cal. 454; *Brick's Estate,* 15 Abb. Pr. 12; *People v. Justices of Chenango,* 1 Johns. Cas. 179; *Besancon v. Brownson,* 39 Mich. 388.

The writ must issue as prayed.

The other Justices concurred.