## Fish *et al.* v. De Laray *et al.*

A debt secured by a mechanic's lien made of record is not a claim that must, under Section 5790 of the Compiled Laws, be presented to an administrator for allowance or rejection.

(Syllabus by the Court. Opinion filed March 4, 1896.)

Appeal from circuit court, Lawrence county. Hon. A. J. Plowman, Judge.

Action to foreclose a mechanic's lien. Defendants had judgment, and plaintiffs appeal. Reversed.

The facts are stated in the opinion.

*Frawley & Laffey*, for appellants.

The lien of plaintiffs is not such a claim as, in contemplation of the probate law of this state, is required to be presented to the administrator for rejection or allowance as a claim against the estate. Purdin v. Archer, 4 S. D. 54, 54 N. W. 1043; Fallon v. Butler, 21 Cal. 32; Estate of McCausland, 52 Cal 568.

Fuller, J. This is an action to forclose a mechanic's lien for material furnished for the erection of a dwelling house upon the real property of a decedent. The contract was made with the owner, and the lien was perpetuated, and made effectual for all purposes, by filing the same, as required by law, about one year prior to the death of said owner. While all necessary and proper persons, including the administrator, heirs at law, guardian, and a mortgagee, were made parties defendant, no resistence to the foreclosure proceeding was offered by any of them, and no brief is filed herein by respondents. For the sole reason that it did not appear that the claim upon which the lien was founded had been presented to the administrator for allowance or rejection, and upon full and specific findings of fact otherwise favorable to plaintiffs, the court found, as a matter of law, that plaintiffs were not entitled to the relief prayed for; and from a judgment dismissing the action, accordingly entered, plaintiffs appeal. The primary ob-

ject of the statutory provision requiring a claim against the estate of a deceased person to be presented within a specified time is to apprise the administrator and the court of the existence thereof, so that a proper and timely arrangement may be made for its payment in full, or a *pro rata* portion thereof, in the due course of administration. Like the lien of a mortgage, which survives the obligor, and is enforceable by a foreclosure and sale of the incumbered property, a debt evidenced by a verified, itemized statement of the amount due, which is secured by a mechanic's lien made of record, so that the world is charged with notice of its existence and amount, ought not to be barred and lost, so far as it affects the property subject thereto, by a failure to present the claim thus secured. Without such presentation, the administrator is presumed to know of the existence of the demand, and the specific lien for its enforcement, which takes precedence, at least, over all subsequent incumbrances. In no respect is there an important distinction between the lien of a mortgage and that given by the statute to one who, relying upon its protection, enchances, by his labor or building material, the value of real estate, by erecting buildings thereon. "The operation of law," says Mr. Phillips, "is a convenient substitute for the giving of a mortgage or other express security, day by day, for the value of such work and materials, and is to be considered and enforced as such." Phil. Mech. Liens, p. 494. A debt secured by mortgage upon real or personal property is not a claim which must, under Sec. 5790 of the Compiled Laws, be presented to the administrator. The claims to be thus presented are claims which, when allowed, shall be ranked as acknowledged debts of the estate, to be paid in whole or in part, in the due course of administration. Comp. Laws, § 5795; Purdin v. Archer, 4 S. D. 54, 54 N. W. 1043; Kelsey v. Welch, (S. D.) 66 N. W. 390. From page 213 of 5 Am. & Eng. Enc. Law, we quote the following: "A creditor may rely upon a mortgage or other specific lien, although the claim is secured by it has not been presented, but in such case

he has no claim upon the general assets in the hands of the administrator." Mr. Justice FIELD, in Fallon v. Butler, 21 Cal. 32, in defining the word "claim," as used in a statute similar to ours, says: "Whatever significance there may be attached to the word 'claim,' standing by itself, it is evident that in the probate act it has reference to such debts or demands against the decedent as might have been enforced against him in his life time by personal actions, for the recovery of money upon which only a money judgment could have been rendered." Our conclusion is that the facts, as found by the court, entitle appellants to the relief prayed for. The judgment of dismissal is therefore reversed, and the case is remanded, with the direction that judgment for plaintiffs be accordingly entered.