RODGERS v. HUNTLEY.

1. PROBATE COURTS—DRAINS—EMINENT DOMAIN—REHEARINGS.
Probate courts being of limited statutory jurisdiction, and the statute authorizing rehearings (Act No. 271, Pub. Acts 1905) being an amendment to the statute conferring jurisdiction only as to the settlement of the estates of deceased persons, of minors and of others under guardianship (1 Comp. Laws, § 651), no authority was conferred by such amendment to grant rehearings in special proceedings for the laying out of drains or in similar special proceedings.

2. DRAINS—EMINENT DOMAIN—JURY—IRREGULARITIES.
Proceedings to take private property for a drain were void, where no opportunity was given to persons interested to appear and demand a jury as required by 2 Comp. Laws, §§ 4325, 4326, and where no proper approval of the final order of determination was secured in accordance with a resolution of the board of supervisors of the county in which the proposed drain was situated requiring the approval of a majority of the persons liable to be assessed for the construction thereof.

Appeal from Cass; Coolidge, J. Submitted February 14, 1911. (Docket No. 1.) Decided June 2, 1911.

Bill by Lyman Rodgers and others against G. Gordon

Huntley and others, to set aside certain proceedings in probate court to lay out and construct a drain, and for an injunction and other relief. From a decree for complainants, defendants appeal. Affirmed.

*Charles E. Sweet*, for complainants.

*Coy W. Hendryx* (*Hendryx & Mosier*, of counsel), for defendants.

McALVAY, J. The bill of complaint in this cause was filed by 75 complainants against defendants who are drain commissioners for Cass and Berrien counties, and a drain contractor, to declare null and void certain proceedings purporting to locate and establish a certain drain to lower the water three feet in Smith's Lake located in said counties, and to enjoin said defendants from constructing such drain, and from interfering with the property rights of complainants or any of them, and from interfering in any manner with the waters in said lake. The proposed drain was to be 10,022 feet long, and passed over the lands of two of the complainants for more than half its length. All of the complainants are interested as residents and freeholders, at and in the vicinity of Smith's Lake.

It will not be necessary to set forth in detail the facts upon which complainants relied for relief. Their claim was that the proceedings to locate and establish this drain were void; that the drain proposed was unnecessary; that the old outlet which had been blockaded, without right by some of those active in securing the proposed drain, if properly cleared out, was ample to care for the drainage from the lake; that there was no authority to lower the lake; that the proposed lowering of Smith's Lake three feet was an unlawful interference with the rights of riparian owners, and would ruin the lake and irreparably damage their property, and by exposing a large area of mud bottom would create a menace and danger to the public health. It was further claimed that the probate court by quashing the proceedings lost all jurisdiction of

the case; that the order made on motion to vacate the order quashing the proceedings was void; that no opportunity was given land owners over whose premises the drain was to be built to demand a jury of freeholders; that the drain commissioners had no authority to let the contract unless the same was approved by a majority of those liable to assessment for benefits. Defendants answered traversing the allegations of the bill. The case was heard and a decree granted in favor of the complainants and defendants have appealed.

From an examination of the record we are satisfied that complainants established every material allegation of their bill. We need not discuss all of the irregularities pointed out by them.

The order made by the probate court August 14, 1905, quashing and dismissing the proceedings finally disposed of this case unless it was revived by later proceedings. Defendants rely upon Act No. 271, Pub. Acts 1905, as authority for granting a motion made to set aside said order. This act amends section 651, 1 Comp. Laws, to read as follows:

"SEC. 6. The judge of probate shall have jurisdiction of all matters relating to the settlement of the estates of such deceased persons, and of such minors and others under guardianship, *and to that end may, upon the filing in said court of a petition therefor within ninety days of the original hearing or of the rendering or making of such order, sentence or decree, as the case may be, and after due notice to all parties interested, grant rehearings and may modify and set aside orders, sentences and decrees rendered in such courts* Provided," etc.

This amended section follows section 650, 1 Comp. Laws, which creates and describes the general powers of probate courts, as follows: To probate wills; grant administration of estates of deceased persons; to appoint guardians to minors and other persons; and a general provision "to have and exercise all such other powers and jurisdiction as are or may be conferred by law."

These are not courts of law strictly speaking. They are courts of limited statutory jurisdiction established primarily to administer "the estates of deceased persons and care for the persons and property of those under disability and liable to wardship." *Holbrook* v. *Cook*, 5 Mich. 225; *Detroit, etc., R. Co.* v. *Livingston Probate Judge*, 63 Mich. 676 (30 N. W. 598); *Hitchcock* v. *Genesee Probate Judge*, 99 Mich. 128 (57 N. W. 1097); *Grand Rapids, etc., R. Co.* v. *Chesebro*, 74 Mich. 466 (42 N. W. 66).

These sections 5 and 6, as far as material to this case, except the amendment above quoted, were contained in the Revised Statutes of 1846, chap. 91. The construction of the act of 1905 upon this question is for the first time before this court.

This act of 1905 became operative September 17, 1905. It is amendatory to section 651, *supra*, which gave to probate courts "jurisdiction of all matters relating to the settlement of the estates of such deceased persons, and of such minors and others under guardianship." It for the first time in the history of the State gives jurisdiction to probate courts to grant rehearings, and to modify and set aside orders, sentences, and decrees rendered in such courts. It is a radical change in the well-settled policy of the State in the matter of the jurisdiction of such courts. The claim of the defendants is that this amendment is intended to cover all orders, sentences, and decrees of probate courts in all cases which by provision of law may be heard in such courts.

From time to time the legislature under authority of the State Constitution has given to probate courts jurisdiction to entertain proceedings in matters entirely foreign to the jurisdiction primarily given as recited in sections 650 and 651, 1 Comp. Laws, *supra*. Condemnation proceedings under the right of eminent domain and drain proceedings may be mentioned as two of the most important extensions of jurisdiction. We find no indication in this amendment under construction of a legislative in-

tent to extend its operation beyond the intention as expressed, which we find to be restricted. The original provision of section 651 is that—

"The judge of probate shall have jurisdiction of all matters relating to the settlement of the estates of such deceased persons, and of such minors and others under guardianship."

This refers to the estates, the minors, and others, mentioned in section 650. The amendment adds "and to that end may" (upon certain conditions) "grant rehearings and may modify and set aside orders, sentences and decrees rendered in such court." The words "and to that end" can be construed only with reference to the context, and to the exclusion of everything else. It refers in terms to what has just preceded, which is confined to matters relating to the estates of deceased persons, to minors, and others under guardianship. To hold that by implication the legislature intended to include all matters relating to condemnation proceedings, drain proceedings, etc., would amount to judicial legislation.

All proceedings had before the probate court after the order dismissing the proceedings was made were without jurisdiction and void. The proceedings were also void as found by the court in the decree, for the reason that no opportunity was given the complainants who owned lands along the drain to appear and demand a jury as provided by law, and for the further reason that no proper approval of the final order of determination had been obtained by a majority of those liable to assessment for benefits as required by statute and the resolutions of the board of supervisors of Cass county.

Consideration of other questions presented is unnecessary.

The decree of the circuit court is in all things affirmed, with costs to complainants.

HOOKER, MOORE, BROOKE, and BLAIR, JJ., concurred.