### DEAKE *v.* LIVINGSTON PROBATE JUDGE.

EMINENT DOMAIN—DRAIN IN THREE COUNTIES—RIGHT TO JURY.

1 Comp. Laws 1915, § 4932 *et seq.*, as amended by Act No. 270, Pub. Acts 1917, construed to authorize the probate court of Livingston county, on the petition of landowners affected thereby, to order a jury to determine the necessity for the taking and the damages resulting to lands thereby, in the construction of a drain traversing the counties of Livingston, Ingham, and Washtenaw.

Certiorari to Livingston; Collins, J. Submitted April 8, 1919. (Calendar No. 28,538.) Decided May 29, 1919.

Mandamus by Clayton E. Deake, drain commissioner of Washtenaw county, and another to compel Eugene A. Stowe, probate judge of Livingston county, to vacate an order empaneling a jury in certain joint drain

proceedings. From an order denying the writ, plaintiffs bring certiorari. Affirmed.

*Cavanaugh & Burke* and *William C. Brown,* for appellants.

*Louis E. Howlett* and *Glenn S. Mack,* for appellee.

Ostrander, J. The proceeding concerns a drain proposed to be laid out in the counties of Livingston, Ingham, and Washtenaw, involving the action of the county drain commissioners of each of said counties. Governing statute provisions are found in 1 Comp. Laws 1915, § 4932 *et seq.,* as amended by Act No. 270, Pub. Acts 1917. Not all of the owners of land traversed by the drain released the necessary right of way and the damages to result from constructing the drain. Upon an application made to the probate court for Livingston county, a jury was ordered to determine the necessity for taking and the damages resulting from taking lands not released. It was objected that the landowners could not rightfully demand a jury and that the power of the court was limited to the appointment of special commissioners. Whether the objection is good is the question presented, to be answered as the statute shall be interpreted.

An examination will disclose that the general statute, chapter No. 93, is subdivided into chapters, of which portions of subchapters III and VII are to be considered. In subchapter VII, entitled "Drains Traversing more than one County," a jury is not mentioned, unless, as it is claimed, by reference to subchapter III. If it is mentioned by reference, it is in the words, found at the end of section 3 (1 Comp. Laws 1915, § 4934):

"All proceedings had in the appointment of special commissioners, under the provisions of this chapter,

shall be similar to those provided in chapter three for the appointment of other special commissioners."

Section 7, chapter III (1 Comp. Laws 1915, § 4886), provides for the appointment of special commissioners. There are four provisos following the enacting part of the section, one of which is:

"*Provided, further,* That any person whose premises are traversed by the proposed drain may in writing demand and have from such court at the time of hearing of said application a jury of twelve freeholders of said county, * * * to ascertain and determine the necessity for taking or using such lands, and to appraise and determine the damages and compensation to be allowed therefor."

It may reasonably be said that the provision that a landowner may, upon his demand, have a jury, instead of special commissioners, does not affect (is not part of) a "proceeding had in the appointment of special commissioners" at all, because upon the demand of the landowner the proceeding, although instituted for the purpose of appointing special commissioners, becomes at once a proceeding for the appointment of a jury. Other considerations support this view. Usually, not always, the matter found in a proviso limits or qualifies the enacting part of the law. The effect of the proviso set out above is to limit the right of the probate court to appoint special commissioners at all and to require the court to summon a jury, upon the demand of the landowner. It does not, strictly, mark out a step in the proceeding to appoint commissioners. On the other hand, the loose language employed in the act, and the manner in which matter is introduced therein by proviso, supports the interpretation adopted by the circuit court that:

"All proceedings had in the appointment of special commissioners, under the provisions of this chapter,

shall be similar to those provided in chapter three for the appointment of other special commissioners,"

—means that the entire of the provisions of chapter three, relating to the appointment of special commissioners, including the said proviso, is adopted in chapter seven by reference, and that "proceedings" was meant to include the provision found in the proviso above set out. This seems to be the interpretation given the act in *Rodgers* v. *Huntley,* 166 Mich. 129, 133, both in the circuit court and in this court.

We find nothing in other portions of the law which aid one interpretation rather than the other and conclude that it is not so clear that the court below was in error that its judgment should be reversed. It is affirmed. No costs are awarded.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.