*In re* LACROIX'S ESTATE.

APPEAL OF CHEVALIER.

1. EXECUTORS AND ADMINISTRATORS — LICENSE TO SELL REALTY — INTEREST OF APPRAISERS.

   Freeholder who was associated with corporation which negotiated and received a commission on sale of land belonging to estate and who later became associated with another corporation which became purchaser of part of the property sold *held*, disqualified to act as an appraiser upon whose testimony license to sell by probate court could be issued (3 Comp. Laws 1929, §§ 15800, 15841).

2. COURTS—PROBATE COURT—JURISDICTION—STATUTES.

   Jurisdiction of the probate court is derived entirely from statute, none of it from the common law.

3. EXECUTORS AND ADMINISTRATORS — LICENSE TO SELL REALTY — STATUTES.

   Statute requiring license to sell real estate of a decedent's estate, being a part of the probate law, is mandatory and its provisions must be followed (3 Comp. Laws 1929, §§ 15800, 15841).

4. SAME—STATUTES—DISINTERESTED FREEHOLDERS.

   Disinterested freeholders, as contemplated by statute requiring license by probate court to sell real estate of decedent's estate to be based on testimony of two such freeholders, must be persons who can make an unbiased appraisal free from outside influences and in accordance with mandatory provisions of the statute (3 Comp. Laws 1929, §§ 15800, 15841).

Appeal from Wayne; Taylor (Mark D.), J., presiding. Submitted January 5, 1937. (Calendar No. 39,248.) Decided April 22, 1937.

In the matter of the estate of James E. Lacroix, deceased. Petition by Edmund J. Stafford and Edward C. Moran, administrators *de bonis non* with

will annexed, for order authorizing sale of real estate. From order granting license to sell real estate at private sale, Joseph Chevalier and others, heirs at law, appealed to circuit court. Chevalier and others review order of affirmance by appeal in the nature of mandamus. Reversed.

*Lucking, Van Auken & Sprague,* for appellants.

SHARPE, J. Appellants are the heirs at law of James E. Lacroix, deceased. They seek our writ of mandamus to set aside an order granting the administrator *de bonis non* license to sell at private sale all the real estate which order was affirmed on appeal to the circuit court.

James E. Lacroix died testate October 27, 1931. The validity of his will was upheld in *Re Lacroix's Estate,* 265 Mich. 59. William Look was named executor of the estate and served as such until the time of his death. Edmund J. Stafford and Edward C. Moran were appointed administrators *de bonis non* with will annexed. Thereafter and on February 10, 1936, they filed a petition in the probate court for authorization to sell certain real estate. The petition so filed stated that the cash on hand consisted of $451.18; that the amount due upon a mortgage interest is the sum of $13,750 with accrued interest being in all the sum of $25,687.70; that the debts outstanding against the estate amount to the sum of $24,918.49; that charges of administering the estate will be upwards of $5,000; that the will of James E. Lacroix bequeathed $20,000 to Louise Dion, no part of which has been paid to her; that said estate consists largely of real estate upon which taxes have become due and payable; and that

in order to properly preserve the interests of the estate it is necessary to sell some of the real estate.

Following the filing of this petition, Wrin L. Lund and E. R. Wentworth were commissioned by the probate court to make an appraisal of the real estate. Parcel No. 14 represents about 44 per cent. of the real estate of said estate and on the same day that the license to sell the real estate of said estate was granted by the probate court parcel No. 14 was sold for the sum of $3,118.82 net to the estate, the purchaser assuming to pay the obligations against said parcel in the amount of $11,056.01.

The files of the probate court show that said parcel contains about 45 acres; is located between the Seven and Eight Mile Roads, a part of which is in Lochmoor village and part in Gratiot township and has an inventory value of $22,500.

On September 14, 1936, the honorable Mark D. Taylor, sitting as one of the circuit judges for the county of Wayne, on an appeal from the probate court affirmed the order of the probate court granting Edmund J. Stafford and Edward C. Moran, administrators *de bonis non* with will annexed, a license to sell all the real estate of said estate.

Appellants appeal and contend that the license to sell real estate at private sale was not based upon the testimony of two disinterested freeholders; that the condition of the real estate market did not warrant the granting of the right to sell all of the real estate at private sale; and that the probate court was without jurisdiction to grant such license until the administrators had collected all personal property and exhausted the personal assets of the estate in order to pay the debts, legacies and expenses of administration.

The record shows that W. L. Lund acted as a freeholder under the order of the probate court; that when he officiated as a freeholder, he was associated with the Houseman-Spitzley corporation which negotiated the sale and received a commission for making said sale; and that he later became associated with Robert J. Hesse Company which became purchaser of part of the property sold.

The authority for the sale of real estate by an administrator is found in 3 Comp. Laws 1929, § 15800. Section 15841, 3 Comp. Laws 1929, provides the procedure for sale of real estate at a private sale and requires that the probate judge take "the testimony as to the value of such real estate of two or more credible and disinterested freeholders."

We think Mr. Lund was disqualified to act as an appraiser. In *Re Estate of Meredith,* 275 Mich. 278 (104 A. L. R. 348), we said:

"The probate court derives none of its jurisdiction or power from the common law, *Grady* v. *Hughes,* 64 Mich. 540, but must find the warrant for all its doings in the statute. *Grady* v. *Hughes, supra; U. S. Gypsum Co.* v. *Kent Circuit Judge,* 150 Mich. 668; *Nolan* v. *Garrison,* 156 Mich. 397; *Rodgers* v. *Huntley,* 166 Mich. 129."

The statute requiring a license to sell real estate, being a part of the probate law, is, in its terms, mandatory and its provisions must be followed. At the time the sale was made, Mr. Lund was in the employ of the Houseman-Spitzley Corporation, and, as such, was employed to secure land for his company to sell and develop. It was his duty to put the land on sale and he was paid an overwriting on all the sales of that land. It necessarily follows from this relationship that Mr. Lund might be influenced

to appraise a parcel of land that his employer was interested in selling at a valuation whereby the property could easily become salable. A freeholder, as contemplated by the above statute, must be one who can make an unbiased appraisal free from outside influences and in accordance with the mandatory provisions of the act.

The writ is issued. Appellants may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, POTTER, and CHANDLER, JJ., concurred. BUSHNELL, J., did not sit.