*In re* PETITION OF STATE HIGHWAY COMMISSIONER TO CONDEMN LANDS IN OAKLAND COUNTY.

APPEAL OF HALSTED.

1. Courts—Probate—Jurisdiction—Statutes—Common Law.
    Jurisdiction of the probate court is derived entirely from statute, none of it from the common law.

2. Eminent Domain—Setting Aside Defaults—Statutes.
    Whether probate court acted under provision of statute relative to condemnation proceedings permitting defective proceedings to be set aside and other proceedings had in place thereof, or general statute giving it but 90 days in which to set aside or modify its orders and decrees, the granting of petition to set aside petition of owner of restrictive covenant as to lands in subdivision, filed over five years after entry of default, would have been an abuse of discretion granted probate court under' latter statute, hence denial of petition was proper (Comp. Laws 1929, §§ 3902, 15519).

Appeal from Oakland Probate Court; Lynch (James H.), J. Submitted April 14, 1938. (Docket No. 123, Calendar No. 39,878.) Decided June 6, 1938. Rehearing denied June 30, 1938. Certiorari to Supreme Court of the United States denied November 7, 1938.

Condemnation proceedings by State Highway Commissioner to obtain a right of way. On petition of Morris M. Halsted in the probate court to set aside a default and to reopen proceedings for testimony on damages. Respondent reviews denial of petition by appeal in the nature of certiorari. Affirmed.

*Arthur E. Moore* and *John P. MacKay,* for respondent.

*Raymond W. Starr,* Attorney General, *Edmund E. Shepherd* and *Charles P. Webster,* Assistants Attorney General, for State Highway Commissioner.

*H. V. Spike* and *John J. Gafill,* for Grand Trunk Western Railroad Co.

BUSHNELL, J. Respondent Morris M. Halsted reviews by certiorari the refusal of the probate judge of Oakland county to set aside an order entered on May 27, 1932, defaulting the respondent, and which he claims was void. The proceedings in which respondent's default was entered were taken by the State highway commissioner for the purpose of acquiring property necessary for the relocation of the Grand Trunk Western Railroad Company's right of way. Respondent was, and still is, the owner of "lot No. 109, in Birmingham Estates subdivision, of part of the southwest ¼, section 30, town 2 north, range 11 east, Troy township, Oakland county, Michigan." Halsted's property was affected by the condemnation proceedings only because of certain restrictive covenants contained in his deed. Five years elapsed between May 27, 1932, the date on which the order of default was entered, and May 30, 1937, when respondent filed his petition to set the same aside.

Halsted claims that, on October 26, 1929, the assistant attorney general then appearing for the highway commissioner stated in court that the matter of damages with respect to building restrictions would probably be heard about the first of December; that no further notice was given to him. Halsted apparently made no further inquiry into the matter from that date until sometime prior to the filing of his petition herein.

Appellees rely largely upon the proposition that the power of the probate court to set aside or modify its orders and decrees is limited to a period of 90 days after the making of such order. 3 Comp. Laws 1929, § 15519 (Stat. Ann. § 27.2619). It is settled law that the probate court derives none of its jurisdiction or power from the common law but must find the warrant for all its doings in the statute. See *In re Lacroix's Estate*, 279 Mich. 429.

The probate court in this instance was acting under the authority of Act No. 352, Pub. Acts 1925, as amended (1 Comp. Laws 1929, § 3884, *et seq.* [Stat. Ann. § 8.171, *et seq.*]). This act contains the following provision: The court "may permit a defective proceeding to be set aside and other proceedings in compliance with law to be had in place thereof." (1 Comp. Laws 1929, § 3902 [Stat. Ann. § 8.190]).

Appellant contends that this general provision and not the 90-day limitation of section 15519 is applicable.

It is not necessary to decide which of these statutes is applicable to the instant case. The powers given to the probate court by that portion of section 3902, above quoted, are, at most, discretionary; and it would have been an abuse of such discretionary power for the probate court to have granted appellant's petition to set aside the default in view of his unreasonable delay in presenting the same.

The order of the probate judge is affirmed, with costs to appellees.

Wiest, C. J., and Butzel, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.