[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 331 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 332 
This case involves a claim presented and allowed against the estate of a deceased person, by one who had in her lifetime been her guardian, for compensation for the care and support of his ward while under guardianship. The claim was presented against deceased's estate in the probate court, and from the judgment there rendered appeal *Page 333 
taken to the circuit court where the case was tried and resulted in a verdict and judgment for plaintiff against the estate. Eleven reasons and grounds of appeal are made and these present every question necessary to be considered.
1. Plaintiff's ward, while under guardianship, could not make a valid contract with him for her care and support; nor could he make any valid contract with her in relation thereto.Hannahs v. Sheldon, 20 Mich. 278; Curtis v. Brownell, 42 Mich. 165; Rogers v. Blackwell, 49 Mich. 192.
2. The only claims which may be presented and allowed against the estate of a deceased person are those where a personal liability has been incurred by the deceased during her lifetime, where there has been a right of action which could be enforced during the lifetime of the deceased, or in case of claims made charges against the estate of deceased by statute. Only legal obligations may be considered. Plaintiff bad no such claim. He could not have sued his ward in her lifetime to recover for her care and support. Claims which may be presented against the estate of a deceased person are only such as could have been enforced against the deceased in his lifetime. 11 R. C. L. p. 190. Where the debt for which the action was brought was not one that accrued against the deceased in his lifetime, it was, therefore, not a legal demand against his estate.Brown v. Quinton, 80 Kan. 44 (102 P. 242, 25 L.R.A. [N. S.] 71, 18 Ann. Cas. 290). The word "claims" is "by the authorities generally construed as referring to demands of a pecuniary nature and which could have been enforced against the deceased in his lifetime." Knutsen v. Krook, 111 Minn. 352 (127 N.W. 11,20 Ann. Cas. 852). *Page 334 
"Whatever signification then may be attached to the term 'claims,' standing by itself, it is evident that in the probate act it only has reference to such debts or demands against the decedent as might have been enforced against him in his lifetime by personal actions for the recovery of money, and upon which only a money judgment could have been rendered."Fallon v. Butler, 21 Cal. 24 (81 Am. Dec. 140).
See, also, Fish v. De Laray, 8 S.D. 320 (66 N.W. 465, 59 Am. St. Rep. 764).
3. If the guardian, plaintiff here, had made a contract with someone else to care for deceased in her lifetime, and they had performed the contract, such person could not present a claim against her estate and recover upon the same after her death.Lothrop v. Duffield, 134 Mich. 485; Nelson v. Sackett's Estate,194 Mich. 450. The right to recover by such person would be against the guardian upon the guardian's contract, and, upon payment or settlement thereof, the guardian might include the claim paid in his account as guardian, and its allowance would in the first instance be by the probate court. Lothrop v.Duffield, supra; Nelson v. Sackett's Estate, supra.
4. The general rule, in the absence of statute, is that a ward must be supported from the income of his estate, and that resort may not be had to the principal in the absence of special circumstances and a prior order of the probate court. 28 C. J. pp. 1113, 1114. The right of the guardian to resort to the principal of the ward's estate for care and maintenance in this State rests upon the statute. 3 Comp. Laws 1929, § 15771 (Stat. Ann. § 27.2936).
Where a new right and a new remedy are given by statute, the statutory remedy is exclusive. Thurston v. Prentiss, 1 Mich. 193
. The statute (3 Comp. Laws 1929, § 15771) gives a right to the guardian to resort, *Page 335 
in case of necessity, to the principal of the ward's estate for maintenance "as shall be judged reasonable, and shall be directed by the probate court, and the charges therefor may be allowed accordingly in the settlement of the accounts of hisguardian."
The guardian is entitled to compensation for the ward's support even though she may have been cared for in his family,Moyer v. Fletcher, 56 Mich. 508; Jacobia v. Terry, 92 Mich. 275, but it was not necessary to have the authority of the probate court in advance, Gott v. Culp, 45 Mich. 265; Inre Hoga's Estate, 134 Mich. 361.
"Probate courts * * * are not 'courts of law,' according to the ordinary use of the term. They derive their origin and jurisdiction from a source altogether distinct from the common law, and they exercise no functions peculiar to that system."Holbrook v. Cook, 5 Mich. 225.
"They have always been regarded as courts for peculiar and limited purposes, which are outside of ordinary litigation, and incapable of dealing completely with ordinary rights."Detroit, L. N. R. Co. v. Livingston Probate Judge, 63 Mich. 676.
"That court itself is, for most purposes, at least, a prerogative, and not a judicial court, and has no jurisdiction over persons or property, except in such proceedings as relate to the estates of deceased persons, or those under disability and liable to wardship." Grand Rapids, L. D. R. Co. v.Chesebro, 74 Mich. 466.
"The probate court is a tribunal of limited jurisdiction."Hitchcock v. Genesee Probate Judge, 99 Mich. 128.
"They are courts of limited statutory jurisdiction established primarily to administer 'the estates of deceased persons and care for the persons and property *Page 336 
of those under disability and liable to wardship.' "Rodgers v. Huntley, 166 Mich. 129.
"Probate courts are incapable of dealing completely with ordinary rights, but always have been regarded as courts for peculiar and limited purposes, which are outside ordinary litigation. Burgess v. Jackson Circuit Judge, 249 Mich. 558;Rodgers v. Huntley, 166 Mich. 129; Detroit, L. N. R. Co. v.Livingston Probate Judge, 63 Mich. 676." In re Graham's Estate,276 Mich. 321.
"The probate court derives none of its jurisdiction or power from the common law, but must find the warrant for all of its doings in the statute. Its jurisdiction, powers, and duties are prescribed by law." Grady v. Hughes, 64 Mich. 540.
"Probate proceedings are statutory. The court, or judge thereof, has no power or authority except that conferred by the statute." Scholten v. Scholten, 238 Mich. 679.
"Probate courts have no power or authority except that conferred upon them by the statutes providing for their creation." In re Estate of Jeffers, 272 Mich. 127.
"The probate court derives none of its jurisdiction or power from the common law, Grady v. Hughes, 64 Mich. 540, but must find the warrant for all its doings in the statute. Grady v.Hughes, supra; U.S. Gypsum Co. v. Kent Circuit Judge, 150 Mich. 668; Nolan v. Garrison, 156 Mich. 397;Rodgers v. Huntley, 166 Mich. 129." In re Estate of Meredith,275 Mich. 278 (104 A.L.R. 348). See, also, In re Lacroix'sEstate, 279 Mich. 429.
" 'The probate court derives none of its jurisdiction or power from the common law, but must find the warrant for all of its doings in the statute. Its *Page 337 
jurisdiction, powers, and duties are prescribed by law.' "MacKenzie v. Union Guardian Trust Co., 262 Mich. 563.
"It is settled law that the probate court derives none of its jurisdiction or power from the common law but must find the warrant for all its doings in the statute." In re Petition ofState Highway Com'r to Condemn Lands in Oakland County,284 Mich. 414.
"The probate court is a judicial agency with such jurisdiction, powers and duties as prescribed by law."Freeman v. Wayne Probate Judge, 230 Mich. 455.
"Probate courts are not courts of law, strictly speaking.Rodgers v. Huntley, 166 Mich. 129. They exercise equitable powers as well." Brooks v. Hargrave, 179 Mich. 136; In reMcLouth's Estate, 281 Mich. 191.
"The probate court is ruled by equitable principles." In reCox's Estate, 284 Mich. 628 (117 A.L.R. 1224).
"A guardian's accounting is an equitable and not a legal proceeding. It involves not merely the ordinary items of debit and credit, but also considerations as to the propriety of charges and investments and as to the allowance of compensation, with which a jury cannot meddle. The statute does not in such cases contemplate a general trial or general verdict. It requires such matters of fact as are disputed to be submitted on proper issues to a jury." Gott v. Culp, 45 Mich. 265.
See, also, Tudhope v. Potts, 91 Mich. 490.
The statute providing for allowances for extraordinary services to executors and administrators provides that in all such cases such further allowance *Page 338 
may be made as the judge of probate shall deem just and reasonable for any extraordinary services not required of an executor or administrator in the common course of his duties. 3 Comp. Laws 1929, § 15929 (Stat. Ann. § 27.3108).
In Mower's Appeal, 48 Mich. 441, it was said of this statute:
"It was never contemplated that when the case reached that court the judgment of a jury might be substituted for the discretion of the judge in respect to such allowances. The case of a guardian's accounting is strictly analogous, and we have heretofore had occasion to explain that when the case is brought into the circuit court, it is to be dealt with as an equitable proceeding rather than a legal."
See, also, Tudhope v. Potts, supra.
It follows that the probate court had no jurisdiction of this proceeding, and the circuit court acquired none on appeal.
5. It is contended by defendants that inasmuch as the claim of the guardian was originally presented in the probate court the proceedings there constituted former adjudication. There was no adjudication upon the merits of the claim in the probate court. The guardian was advised to present the claim against the estate of the deceased. The question of the amount of plaintiff's compensation was not litigated, submitted and decided in the guardianship proceedings in the probate court in passing upon his account. The probate court held it had no jurisdiction. No appeal was taken.
While a dismissal on the ground the court has no jurisdiction of the subject-matter is a conclusive determination of want of jurisdiction, it is no adjudication *Page 339 
of the merits and will not bar another action for the same cause. 34 C. J. p. 795.
Where one presented a claim against an estate to the probate court where it was rejected because it involved a partnership matter over which commissioners supposed they had no jurisdiction, it is no bar to its subsequent prosecution as a partnership claim. Way v. Stebbins, 47 Mich. 296.
Though some cases indicate plaintiff, by his failure to appeal, should be estopped from again asserting his claim in the probate court, under the particular facts here involved, the judgment of the trial court is reversed and this proceeding dismissed, but without prejudice to the presentation by plaintiff to the probate court of an account including such claim. Costs of both courts to appellants.
BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred with POTTER, J.
WIEST, J., concurred in the result. BUTZEL, C.J., did not sit. *Page 340