OLSON, Respondent v. ALTEMUS, Administratrix, Appellant

(93 N.W.2d 7)

(File No. 9715. Opinion filed November 19, 1958)

**Hanley, Costello & Porter,** Rapid City, for Defendant and Appellant.

**Whiting, Lynn, Freiberg & Shultz,** Rapid City, for Plaintiff and Respondent.

BOGUE, J. The plaintiff sustained personal injuries and property damage as a result of an automobile collision. Defendant's decedent was killed by reason of this collision and defendant was thereafter appointed as administratrix of the estate. The defendant appeals from a judgment awarding damages to plaintiff.

No claim was filed in the county court wherein the decedent's estate is being probated nor presented to defend-

ant as administratrix before commencement of this action. Defendant contends that by reason of plaintiff's failure to so file or present the claim the circuit court acquired no jurisdiction over the subject matter of the action or the person of the defendant.

SDC 35.1416 provides:

> "No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented or filed as provided in this chapter."

SDC Supp. 35.1401 which was in force and effect at the time of the commencement of this action provided that every executor or administrator must cause to be published a notice requiring all persons having claims against a decedent to exhibit or file such claim. SDC Supp. 35.1404 also in force and effect at the time of the commencement of this action provided that the time for filing claims be limited to four months after the first publication of notice to creditors. It then expressly provided as follows:

> "All claims arising upon contract whether the same be due, not due, or contingent, must be filed within the time limited in the notice, and any claim not so filed is forever barred."

██ The sole question for our consideration is, must a claim against a decedent founded in tort be presented or filed in accordance with the provisions of SDC 35.14 and acts amendatory thereto. We are of the opinion that by the express language of our statutes that the presentation and filing of claims is limited to those arising upon contract.

██ The provisions of our statutes relating to the presentations of claims are the same as those originally adopted by the states of California and Oklahoma. The question that now confronts us has been presented to the courts in both of these states.

In the case of National Automobile & Casualty Insurance Co. v. Ainge, 34 Cal.2d 806, 215 P.2d 13, 15, the Supreme Court of California reviewed the legislative history pertaining to the filing and presentation of claims, stating:

"From the statute it is clear that the legislature was dealing only with claims of 'creditors' as stated in the opening section. Though the language was reasonably clear some early cases hinted that tort claims must be presented. Eustace v. Jahns, 1869, 38 Cal. 3; Coleman v. Woodworth, 1865, 28 Cal. 567. However all doubt was removed by the code amendments of 1873-1874 when what is now section 707 of the Probate Code was amended to read, 'If a claim arising upon a contract heretofore made, be not presented * * *, it is barred forever * * *.' At the time the present action was commenced section 707 read, 'All claims arising upon contract * * * must be filed * * * [any] claim not so filed * * * is barred forever * * *.' Thus it is apparent that only claims 'arising upon contract' as stated in section 707 were dealt with. Defendant's argument that the word 'claim' in section 716 applies to all types of claims ignores the context and legislative history."

Many cases are thereafter set out by the court showing that California consistently construed the language that we now have before us to apply only to claims arising upon contract.

The Supreme Court of Oklahoma followed the California cases. In the case of American Trust Co.v. Chitty, 36 Okl. 479, 129 P. 51, 54, the court said:

" 'As the statute which relates to the presentation of claims against estates before actions can be maintained thereon relates to claims arising on contracts, other actions do not come within the rule. Thus no presentation of a claim is necessary before the bringing of an action to recover damages for wrongful acts.' "

The defendant argues that to allow tort claimants to ignore the probate court would defeat orderly administration of estates and violate rights of other creditors and persons interested in the funds and assets of the estate as well as the outcome of such claims. In the

case of Fish v. De Laray, 8 S.D. 320, 66 N.W. 465, 466, we applied this reasoning to the claims required to be presented and filed by statute saying:

> "The primary object of the statutory provision requiring a claim against the estate of a deceased person to be presented within a specified time is to apprise the administrator and the court of the existence thereof, so that a proper and timely arrangement may be made for its payment in full, or a **pro rata** portion thereof, in the due course of administration."

It might be said this reasoning should apply as well to tort claims. However, it is not our function to determine what ought to be. The language of the statutes now before us is plain and unambiguous. We must construe the law as we find it. Harris v. School Dist. No. 48, 32 S.D. 544, 143 N.W. 898.

In 1949 the legislature of the State of California amended their statute relative to the filing and presentation of claims. Section 707 of West's Annotated Probate California Codes now reads as follows:

> "All claims arising upon contract, whether they are due, not due, or contingent, and all claims for funeral expenses and all claims for damages for physical injuries or death or injury to property or actions provided for in Section 574 of this code, must be filed or presented within the time limited in the notice or as extended by the provisions of Section 702 of this code; and any claim not so filed or presented is barred forever, * * *".

In the event that it is deemed advisable for the reasons urged by defendant to require the filing or presentation of claims founded upon tort, such is solely the function of the legislature.

The judgment is affirmed.

All the Judges concur.