Marlse JOHNSON, Plaintiff and Appellant,

v.

Helen CHRISTENSEN, Administratrix of the Estate of Swan Albert Swenson a/k/a Albert Swenson, Deceased, Defendant and Appellee.

No. 12666.

Supreme Court of South Dakota.

Submitted on Briefs Feb. 21, 1980.

Decided May 7, 1980.

Rehearing Denied June 12, 1980.

Parnell J. Donohue of Donohue & Donohue, Sioux Falls, for plaintiff and appellant.

Timothy J. McGreevy of Dana, Golden, Moore & Rasmussen, Sioux Falls, for defendant and appellee.

FOSHEIM, Justice.

Plaintiff Marlse Johnson seeks to recover from the estate of Swan Albert Swenson

(decedent) based upon a long-term relationship. This appeal is taken from a summary judgment entered in favor of defendant. We affirm.

In late 1976, plaintiff filed petitions in decedent's estate seeking to be declared his legal heir and for widow's maintenance pending administration. The gravamen of plaintiff's claims in that proceeding rested upon an allegation that a common-law marriage existed between her and decedent. The trial court found that no such marriage existed and entered judgment accordingly. Plaintiff appealed from that judgment, but her appeal was dismissed by this court for failure to settle the record within the time prescribed by statute.

In March of 1978, plaintiff brought the present action,* setting out numerous causes of action seeking recovery on various theories not dependent upon the existence of a common-law marriage. Indeed, a marriage relationship is expressly disclaimed. The trial court, concluding that plaintiff's present claims were barred by the doctrine of res judicata and the statute of limitations, entered summary judgment in favor of defendant.

Plaintiff contends on appeal that the present action is not barred by the statute of limitations. We disagree. S. A. Swenson died in October of 1976. In November of 1976, the first notice to creditors of the decedent was published in the Sioux Falls Argus Leader, a daily newspaper. At that time, SDCL 30–21–7 and 30–21–13 required that claims against an estate be filed within a specified period following the date of first publication of such notice. With regard to claims based upon contract, SDCL 30–21–17 provided:

> The time expressed in the notice to creditors for filing claims shall be two months after the first publication.

> All claims arising upon contract whether the same be due, not due, or contingent, shall be filed within the time limited in the notice, and any claim not so filed is forever barred.

The only claim made by plaintiff in the probate proceeding was that a common-law marriage existed between herself and the decedent. Although the pleadings in plaintiff's present action are somewhat unclear, it seems she now claims the existence of a partnership or joint venture, an express contract, an implied contract, and a gift. She seeks various relief ranging from the imposition of an equitable lien, a constructive trust, or a resulting trust upon the estate's assets to the outright conveyance to her of such assets. The cause of action set out in her original complaint in the present action alleges that the decedent promised that "she would be paid for her services" and "taken care of in his Will." Her application for leave to amend claims that "an expressed [sic] contract" and an "implied contract" were entered into between her and the decedent. The amended complaint contains continuous and repeated references to an "agreement" between her and the decedent. It is alleged that her obligations pursuant to the agreement were performed and that the decedent "breached his duties and obligations."

A fair examination of plaintiff's pleadings points to the contractual nature of her present claims. The pleadings (as well as the briefs) are rife with factual and legal allegations couched entirely in contractual terminology. The equitable relief sought does not strip plaintiff's claims of their contractual character. See: Dobbs REMEDIES § 4.3 (1973). Plaintiff's present claims were not filed until nearly sixteen months after the first publication of notice to creditors and, thus, are barred by the nonclaims provisions of SDCL 30–21–7 and 30–21–17. Olson v. Altemus, 77 S.D. 429, 93 N.W.2d 7 (1958).

In view of the conclusion we have reached, it is unnecessary to address the issue of res judicata.

The judgment of the trial court is affirmed.

All the Justices concur.

* Present counsel did not represent plaintiff in the original probate proceeding.