*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CORE VALUES CONSTRUCTION, LLC,

        Plaintiff-Appellant,

v

SHEEHAN'S ON THE GREEN, INC., and DANIEL SHEEHAN,

        Defendants-Appellees,

and

LARRY SHEEHAN and JOAN SHEEHAN,

        Defendants.

FOR PUBLICATION
July 09, 2025
2:45 PM

No. 369250
Wayne Circuit Court
LC No. 22-010165-CB

Before: GADOLA, C.J., and RICK and YATES, JJ.

YATES, J.

This case involves a misbegotten construction lien recorded on a parcel of property owned by defendants, Larry Sheehan and Joan Sheehan (collectively, the parents), who died years before the signing of a contract for improvement of the property. That contract, signed on November 23, 2021, by plaintiff, Core Values Construction, LLC ("Core"), and defendant, Daniel Sheehan (the son), on behalf of defendant, Sheehan's on the Green, Inc. ("SOTG"), contemplated construction work at a restaurant on the property. Because SOTG paid only $24,000 of the contractual charges of $30,775 for the finished work, Core recorded a construction lien on the property, and thereafter sued for foreclosure of the construction lien, breach of contract, and unjust enrichment. The trial court granted summary disposition to defendants under MCR 2.116(C)(4) (lack of subject matter jurisdiction) and MCR 2.116(C)(8) (failure to state a claim on which relief can be granted), which prompted Core to appeal of right the summary disposition award. Because the trial court correctly identified defects in each of Core's three claims, we affirm.

-1-

## I. FACTUAL BACKGROUND

Pursuant to a deed recorded in August 1995, the parents were the owners of a parcel of real property located at 39450 Five Mile Road, Plymouth, Michigan. One of the parents died in 2002, and the other parent died in 2018. The record does not include a subsequent deed that transferred ownership of the property after the parents' deaths, and the parties appear to agree that the parents are still reflected as the title owners of the property. SOTG leased the property for the purpose of operating a restaurant. The son is the president of SOTG.

On November 23, 2021, SOTG signed a contract with Core, which agreed to perform roof repairs for $30,775, and the son signed the contract on behalf of SOTG as the "Customer/Owner." During January 2022 and February 2022, Core purportedly finished the required roof repairs, but SOTG paid Core only $24,000 for its services, leaving an unpaid balance of $6,775. SOTG refused to pay the $6,775 balance, citing damage to the property allegedly caused by Core's performance. On May 3, 2022, Core responded by recording a claim of lien against the property in the amount of $6,775, listing the parents as the property owners.

On August 25, 2022, Core filed a complaint requesting foreclosure of the construction lien against the parents, damages against the son and SOTG for breach of contract, and relief for unjust enrichment. On November 7, 2022, the son and SOTG moved for summary disposition pursuant to MCR 2.116(C)(4), (C)(7) (claim barred by agreement to arbitrate), and (C)(8), asserting that the trial court lacked subject-matter jurisdiction because there was no valid construction lien on which to foreclose because the parents who owned the property had both died, and contending that Core's claims against the son and SOTG sought damages of $6,755, which was insufficient to proceed in the circuit court. Three weeks later, on November 28, 2022, the clerk entered defaults against both of the parents based on their "failure to plead or otherwise defend as provided by law." After that, on February 22, 2023, Core filed a motion for entry of construction-lien foreclosure against both of the parents, citing the clerk's entries of default against them as the basis for liability with regard to construction-lien foreclosure.

Over the next several weeks, the trial court conducted two hearings to address the pending motions. First, on March 3, 2023, the trial court expressed concern about whether Core could sue and obtain relief from the parents, who had died years earlier. Consequently, the trial court asked for supplemental briefs on that subject. Next, on March 24, 2023, the trial court addressed all the pending motions and resolved those motions in a ruling from the bench. The trial court ruled that the defaults against the parents were "improper," that Core could not maintain a construction lien arising from the construction project because the parents were not parties to the contract governing the construction project, that the claim for foreclosure of the construction lien had to be dismissed for want of jurisdiction, that Core could not pursue an unjust-enrichment claim against SOTG and the son because Core had a written contract with those two parties, and that Core's claim for breach of contract seeking damages of only $6,775 fell within the jurisdiction of the district court, rather than the circuit court. On March 29, 2023, five days after the trial court dismissed Core's claims from the bench, the trial court entered an order memorializing its rulings on the competing motions and instructing Core to discharge its construction lien on the property.

Core immediately objected to the trial court's entry of a proposed order that was submitted by defendants, and Core subsequently moved for reconsideration of the trial court's rulings on the

parties' competing motions. At a hearing on May 31, 2023, the trial court set aside the order issued on March 29, 2023, on procedural grounds, and directed the parties to submit "a corrected order." Nothing happened for months after that, but on October 26, 2023, the trial court issued two orders: (1) an order vacating its March 29, 2023 order; and (2) a new order memorializing all of the rulings rendered from the bench on March 24, 2023. Core once again moved for reconsideration of every ruling rendered by the trial court on the parties' competing motions, but the trial court denied that motion. This appeal follows.

## II. LEGAL ANALYSIS

Core contests every aspect of the trial court's rulings on summary disposition. This Court reviews de novo a trial court's rulings on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The trial court based its decisions on MCR 2.116(C)(4) and (8). Under MCR 2.116(C)(4), a trial court may dismiss a complaint if the court "lacks jurisdiction of the subject matter." In addressing "jurisdictional questions under MCR 2.116(C)(4), this Court determines whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate a lack of subject matter jurisdiction." *True Care Physical Therapy, PLLC v Auto Club Group Ins Co*, 347 Mich App 168, 176; 14 NW3d 456 (2023) (quotation marks and citation omitted). A court must "recognize the limits of its subject-matter jurisdiction, and it must dismiss an action when subject-matter jurisdiction is not present." *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 714; 909 NW2d 890 (2017). Pursuant to MCR 2.116(C)(8), a defendant may challenge "the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159. When a trial court considers a motion under MCR 2.116(C)(8), it must "accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. at 160. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. With these standards in mind, we must first consider Core's claim for foreclosure of a construction lien against the parents. After that, we must address Core's claims for breach of contract against SOTG and the son, and for unjust enrichment against all of the defendants.

## A. FORECLOSURE OF CONSTRUCTION LIEN

Core insists the trial court erred by dismissing its claim against the parents for foreclosure of a construction lien. "A construction lien is a security interest that a participant on a construction project takes in real property as security for their payment expectations." *Legacy Custom Builders, Inc v Rogers*, 345 Mich App 514, 522; 8 NW3d 207 (2023). In Michigan, construction liens "are governed by the Construction Lien Act (CLA), MCL 570.1101 *et seq*." *Id*. As MCL 570.1107(1) explains, a "contractor, subcontractor, supplier, or laborer who provides an improvement to real property has a construction lien upon the interest of the owner or lessee who contracted for the improvement to the real property . . . ." Here, the parents never "contracted for the improvement to the real property" performed by Core. Instead, SOTG and the son entered into the construction contract with Core. Although Core recorded a construction lien in the Wayne County Register of Deeds on May 3, 2022, on the property at 39450 Five Mile Road for the unpaid balance of $6,775 from the roofing contract, it asked for foreclosure only against the parents, who had both died years before the construction contract was signed. Because a construction lien attaches to the "interest of *the owner or lessee who contracted for the improvement*, including any subsequently acquired legal or equitable interest," MCL 570.1107(2) (emphasis added), and the parents did not contract

-3-

for the improvement that Core performed, Core could not state a claim against the parents under the CLA for foreclosure of the construction lien even if the parents were still alive.

Beyond that, Core's attempt to seek foreclosure of the construction lien against the parents runs afoul of the settled principle that deceased people generally cannot be sued in their individual capacity. See *Lashbrook v Grasak*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369669); slip op at 3 ("A party wishing to bring a cause of action against someone who is deceased must sue the deceased person's estate, not the deceased person."); *Black v Cook*, 346 Mich App 121, 137; 11 NW3d 563 (2023) ("This Court has addressed similar instances in which plaintiffs sued deceased defendants and concluded that deceased persons cannot participate in litigation or be sued as a matter of law."). Accordingly, the trial court correctly dismissed the lien-foreclosure claim against the parents under MCL 2.116(C)(8). See *Lashbrook*, ___ Mich App at ___; slip op at 3 ("The trial court did not err by dismissing this action filed against the wrong parties, who could not be sued as a matter of law.").

We find no merit in Core's view that the trial court should have permitted the clerk's entries of default against the parents to stand. Obviously, Core was not able to serve the deceased parents by ordinary means. Instead, it requested alternate service, which should not have been authorized as the method for serving the deceased parents. See *id*. at ___; slip op at 2-3 ("The court concluded that 'because the Motion for Alternate Service was improper on its face, the Court never should have granted it.' "). In its motion for alternate service, Core noted that the parents were deceased, and it stated that it had made a diligent inquiry to find "the personal representative" for the parents. In spite of its knowledge that the parents were deceased, Core filed a motion for alternate service upon individuals whom it knew were dead, and it made no effort to amend its complaint to name the estates of the parents instead of the deceased parents. This Court and our Supreme Court have stated that " '[a] truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service.' " *Bullington v Corbell*, 293 Mich App 549, 559; 809 NW2d 657 (2011), quoting *Krueger v Williams*, 410 Mich 144, 168; 300 NW2d 910 (1981). Core failed to meet that standard, and it acted irresponsibly in proceeding against defendants it claimed were no longer alive.

Core also contends that the trial court improperly ordered Core to discharge its construction lien on the property because its lien was valid and enforceable regardless of whether the underlying contract was with the parents, notwithstanding the limiting language in the CLA, MCL 570.1107. But the trial court did not deem the construction lien invalid just because the contract was between Core and SOTG. The trial court explained that the parents "are deceased and they were before the contract. They did not contract with [Core]. The claim for a construction lien against the deceased parties . . . cannot be enforced." Thus, Core has no basis to maintain its construction lien.

## B. BREACH OF CONTRACT

Core contends the trial court erred by awarding summary disposition to SOTG and the son under MCR 2.116(C)(4) for want of jurisdiction. Subject-matter jurisdiction "is a prerequisite for a court to hear and decide a claim . . . ." *Mich Farm Bureau v Dep't of Environment, Great Lakes, & Energy*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165166); slip op at 22. "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the

circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. "The district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." MCL 600.8301(1); *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 216; 884 NW2d 238 (2016). "[I]n its subject-matter jurisdiction inquiry, a district court determines the amount in controversy using the prayer for relief set forth in the plaintiff's pleadings, calculated exclusive of fees, costs, and interest." *Hodge*, 499 Mich at 223-224. The request for relief in the breach-of-contract claim by Core demands "a judgment against SOTG and [the son] in the amount of $6,775.00, together with Core's accrued and accruing interest, costs, and attorney's fees." That demand brings the claim for breach of contract squarely within the jurisdiction of the district court, as opposed to the circuit court. See *id*.

But Core insists that the trial court could exercise subject-matter jurisdiction over its claim for breach of contract against SOTG and the son despite the paltry amount in controversy because circuit courts have exclusive jurisdiction over claims under the CLA. As MCL 570.1118(1) states, "[a]n action to enforce a construction lien through foreclosure shall be brought in the circuit court for the county where the real property described in the claim of lien is located." Core is correct in arguing that lien-foreclosure claims must be addressed in the circuit court, but the lien-foreclosure claim in this case was pleaded solely against the deceased parents, and then properly dismissed by the trial court because the construction lien was invalid. Although our Supreme Court has allowed circuit courts to consider claims for breach of contract after the underlying lien-foreclosure claims were dismissed, those cases involved lien-foreclosure claims and breach-of-contract claims against the same defendants. E.g., *Ronnisch Constr Group*, *Inc v Lofts on the Nine, LLC*, 499 Mich 544, 562; 886 NW2d 113 (2016) (commenting that "a lien foreclosure claim and a claim for breach of the underlying contract are integrally related, and allowing a party to pursue both 'merely gives it a better chance of recovering what it is owed' ") (citation omitted). Here, Core's fatally defective claim for foreclosure of a construction lien named only the parents as defendants, whereas its claim for breach of contract named only SOTG and the son as defendants. Accordingly, the claim against SOTG and the son for breach of contract with a request for damages of $6,775 cannot come within the subject-matter jurisdiction of the circuit court to address the construction-lien claim against the parents. Hence, the trial court appropriately dismissed Core's claim against SOTG and the son for breach of contract pursuant to MCR 2.116(C)(4) for lack of subject-matter jurisdiction.

Our decision to affirm the award of summary disposition under MCR 2.116(C)(4) does not bar Core from pursuing its claim for breach of contract against SOTG and the son in district court. "While a dismissal on the ground the court has no jurisdiction of the subject matter is a conclusive determination of want of [subject-matter] jurisdiction, it is no adjudication of the merits and will not bar another action for the same cause." *In re Quinney's Estate*, 287 Mich 329, 338-339; 283 NW 599 (1939). Thus, this Court has consistently indicated that an award of summary disposition under MCR 2.116(C)(4) results in a dismissal without prejudice. See, e.g., *Broz v Plante & Moran (On Remand)*, 331 Mich App 39, 44; 951 NW2d 64 (2020). Consequently, the award of summary disposition under MCR 2.116(C)(4) "leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought." *Grimmer v Lee*, 310 Mich App 95, 102; 872 NW2d 725 (2015) (quotation marks and citation omitted).

## C. UNJUST ENRICHMENT

The third claim in Core's complaint alleged unjust enrichment against the parents, the son, and SOTG. That claim included a request for relief seeking "a judgment against Defendants in the amount of $6,775.00, together with Core's accrued and accruing interest, costs, and attorney's fees." The trial court addressed the merits of that claim and concluded that Core was barred under Michigan law from seeking relief for unjust enrichment because an enforceable contract governed the relationship between Core and the signatories of the contract, i.e., SOTG and the son. But the amount in controversy was insufficient to vest the trial court with subject-matter jurisdiction over the unjust-enrichment claim. See *Hodge*, 499 Mich at 223-224. Consequently, we must consider as a threshold matter whether the trial court lacked subject-matter jurisdiction to resolve the unjust-enrichment claim on the merits. That analysis requires us to split the defendants into two separate categories—those who were named as defendants in the construction-lien-foreclosure claim over which the trial court could exercise subject-matter jurisdiction under MCL 570.1118(1), and those who were not named as defendants in the construction-lien-foreclosure claim

The parents were named as defendants in both the construction-lien-foreclosure claim and the unjust-enrichment claim, so the trial court's subject-matter jurisdiction over the construction-lien-foreclosure claim against them could support the exercise of subject-matter jurisdiction over the unjust-enrichment claim against them. See *Ronnisch*, 499 Mich at 562. Thus, we must decide whether the trial court properly dismissed the unjust-enrichment claim against the parents pursuant to MCR 2.116(C)(8). Core could not sue the parents for unjust enrichment because they were both deceased; Core could only sue their estates. *Lashbrook*, ___ Mich App at ___; slip op at 3. As a result, the trial court acted properly in dismissing the unjust-enrichment claim against them under MCR 2.116(C)(8).

The son and SOTG were not named as defendants in the lien-foreclosure claim, so the trial court had no basis to exercise subject-matter jurisdiction over the unjust-enrichment claim against them. Thus, the trial court appropriately granted summary disposition to the son and SOTG under MCR 2.116(C)(4) as a threshold matter, and so the trial court lacked subject-matter jurisdiction to address the merits of the unjust-enrichment claim against the son and SOTG. Therefore, Core may file a claim for unjust enrichment against those two defendants in district court, *Quinney's Estate*, 287 Mich at 338-339, which will have subject-matter jurisdiction to decide that claim on the merits.

Affirmed.

/s/ Christopher P. Yates
/s/ Michael F. Gadola
/s/ Michelle M. Rick