NICHOLAS R. HILL v. MARY C. MITCHELL ET AL.

MARY C. MITCHELL ET AL. v. NICHOLAS R. HILL.

*Injunction to restrain sale of intestate's realty—Costs.*

The administrator of an intestate claiming that the realty was needed to satisfy claims against the estate, complained that a deed of

the realty had been obtained from the heir-at-law by fraud, and filed a bill to have that and subsequent conveyances decreed void and the land declared the property of the estate. *Held* that as it did not concern the administrator whether the deeds were void or not, and as the conveyance from the heir-at-law, in stating the heirship, assumed that the land belonged to the estate, the proceeding was idle and the bill ought to have been demurred to and dismissed.

The grantees of certain realty conveyed by the heir-at-law of an intestate were allowed an injunction against the administrator and their grantor to restrain them from attempting to dispose of the land to satisfy claims against the estate, when the personalty was sufficient to meet them.

Where the administrator of an intestate brought useless litigation in respect to the estate, costs allowed to the opposite party were made a charge against him personally and not against the estate.

Where a fact does not affect the issue, it does not concern appellants. So *held* where pending suit one of the appellees had reconveyed to another his interest in the subject matter of the suit.

Appeal from Kent. Submitted Jan. 24. Decided Jan. 31.

BILL to remove cloud from title and cross-bill to restrain the sale of the land.

*G. Chase Godwin* for complainants in original bill and defendants in cross-bill.

*Butterfield & Withey* for Mary C. Mitchell and Samuel P. Chesney, two of the defendants in the original bill and complainants in the cross-bill.

COOLEY, J. These are somewhat remarkable cases. The complainant in the original bill is administrator of Charles R. Mitchell, a former resident in Kent county in this State, who died in February, 1873, intestate. By the bill which makes Mary C. [Mitchell and Samuel C. Chesney defendants, he avers that his intestate died seized of a certain forty acres of land in Kent county of the value of sixteen hundred dollars, and covered with pine timber; that the intestate owed several hundred dollars of debts and had no personal or other property from

which they might be paid except the land aforesaid; that Peter B. Mitchell, the father of said Charles, was left his sole heir at law; that on March 10, 1873, said Peter, as heir, conveyed said lands to John J. and Cornie J. Mitchell, and said Cornie in August following conveyed to said John; that in September, 1873, said John died leaving a last will by which he devised said lands to Mary C. Mitchell as complainant is informed; that said Mary, in October, 1873, conveyed the same to Samuel C. Chesney; that the deed from said Peter to said John and Cornie was obtained by fraud, the particulars of which are set forth; that Chesney had full knowledge of the fraud when conveyance was made to him, and that the several conveyances ought to be decreed to be void for the fraud, "and that said land ought to be decreed to be the property of the estate of said Charles R. Mitchell deceased, free and clear of any and all cloud or transfer or burden laid thereon by either of said conveyances." The prayer is that the said conveyances be decreed void accordingly.

What possible interest the complainant as administrator could have in the question whether the deeds were void or not, is not obvious, nor has there been any attempt to explain. Concede the facts recited in the bill, and the question what conveyance, if any, has been made by the heir-at-law, and upon what consideration he acted, and whether he was defrauded or not, are subjects with which the administrator has not the slightest occasion to concern himself. It is enough for him to know that the land belonged to the intestate at the time of his decease; that fact is sufficient to enable him to charge it with the debts of the intestate, and his dealings with the property can in no manner be affected by the fact that the heir-at-law has made either a valid or a void conveyance of it. To ask that it be decreed to be the property of the estate as against a conveyance which upon its very face, in stating the heirship of the grantor,

assumes the fact, is to invoke the jurisdiction of equity in a proceeding which would be both idle and puerile. The bill ought to have been demurred to and dismissed.

The bill was not demurred to, but was answered fully by the defendants Chesney and Mary C. Mitchell, who also filed a cross-bill, setting up the same facts which were alleged in their answer. The cross-bill is long, and we shall not attempt to give the facts in detail, as a summary is sufficient for our purposes. The deed from Peter B. Mitchell to John and Cornie is set up, and all fraud in procuring it is specifically denied. The appointment of Hill as administrator of the estate of Charles R. Mitchell is alleged to have been procured by Peter B. Mitchell for his own purposes, and not in the interest of the estate. It is charged that there was sufficient personal property belonging to the estate to meet all demands upon it, and that Hill has purposely omitted some portion of it from his inventory for the express purpose of showing a necessity for selling the land. It is further charged that Peter B. Mitchell with the connivance of Hill, has procured the allowance of a fictitious claim in his own favor to the amount of $1,121.11, and that this was done for the purpose of swelling the apparent indebtedness of the estate in order to make it necessary that said lands be sold to satisfy it. The bill then sets up certain proceedings by Hill to obtain possession of the lands, which are averred to have been taken in the interest of Peter B. Mitchell, and to be fraudulent, and prays that the title of Chesney in the land may be decreed to be good and valid, and that Hill and Peter B. Mitchell be enjoined from attempting to sell or dispose of the lands and from in any manner interfering with the same.

Answer was made to this bill by Hill and Peter B. Mitchell. The answer relies for defense upon the fraud in obtaining the deed of the lands from Peter B. Mitchell, and the necessity of selling the lands to satisfy the demands proved against the estate of Charles R. Mitchell

and the costs of administration. An exhibition is made of the demands, and it appears that with exception of the claim allowed in favor of Peter B. Mitchell, the demands were insignificant. It is, thus shown that defendants in answer to this cross-bill rely upon two facts: *first*, that the land of which Charles R. Mitchell died seized descended to, and still belongs to Peter B. Mitchell; *second*, that it is necessary that the land now be sold to satisfy a demand in favor of Peter B. Mitchell! Thus both Hill and Peter B. Mitchell assume the position of insisting strenuously that Mitchell's land shall be sold to satisfy a demand in favor of Mitchell himself!

It is not necessary to go at length into the evidence taken upon the issue made by this answer. It is sufficient to say that there was unquestionably personal property sufficient to pay the costs of administration, and all demands against the estate, including the disputed demand in favor of Peter B. Mitchell. All pretense of a necessity for selling the lands to satisfy claims against the estate is therefore utterly baseless. But we also think the evidence in the case shows that the demand in favor of Peter B. Mitchell has been fully paid. It is shown that Cornie Mitchell had nine hundred and fifty dollars belonging to the estate which she loaned out and took note for; that Hill knew of this; that Peter B. Mitchell authorized him to pay the demand allowed in his favor over to Cornie, and that he did actually pay over $700 with full knowledge that she then had in her hands the $950. This was manifestly an excessive payment. He should have paid to her only the difference between the amount she then had in her hands, and the amount awarded to Peter B. Mitchell, and Cornie could have demanded no more. If Peter B. Mitchell had refused to recognize such an adjustment, it would then have been the duty of Hill to have proceedings taken to collect the amount if that should have been found practicable. As Cornie resided in Ohio it might not have been practicable for him to make collec-

tion; but it is sufficient to say in this case that the facts shown make an application of the moneys in Cornie's hands so far as was necessary to the satisfaction of Peter B. Mitchell's ˙claim, and that all pretense of a necessity for selling the lands to pay demands against the estate of Charles R. Mitchell is effectually disproved.

The court below granted a perpetual injunction as prayed in the cross-bill. In so decreeing, it was in effect decided that the deed from Peter B. Mitchell to John and Cornie Mitchell was not obtained by fraud. We agree in this conclusion. We also agree that this whole litigation, so far as the administrator is concerned, was wholly unnecessary and useless, and that defendants in the original bill and complainants in the cross-bill should recover their costs, against Hill and Peter B. Mitchell, and that these costs should be a charge against Hill personally and not against the estate.

Some question was made by the appellants on the argument whether it was sufficiently established that the will of John J. Mitchell under which Mary C. Mitchell claimed, was lawfully probated. It was first probated in Ohio and afterwards in this State. The last probate is *prima facie* sufficient, at least, and that is sufficient for the purposes of this case. It is also objected that there is evidence in the case Chesney has reconveyed to Mary C. Mitchell since this suit has been pending; but as this fact does not affect the issue, it does not concern the appellants.

The decree is affirmed, with costs.

The other Justices concurred.