JEROME P. KROLL v. ESTATE OF EGBERT TEN EYCK.

*Claim on appeal — Pleading — Evidence must be considered together — Variance.*

The original form of a claim submitted to the commissioners on an estate is what must be regarded on an appeal from their decision; its identity is not affected by formal pleadings.

The testimony produced in support of a case must be considered together, and if not inconsistent, the fact that one witness knows nothing of details shown by other evidence is no reason for rejecting such details in order to make the testimony support the declaration.

Where the evidence in support of a claim based on a contract discloses a condition which does not appear in the claim as stated, and the fulfillment of which is prerequisite to payment, and there is no evidence that it has been fulfilled, there is a radical variance and the claim is properly rejected.

Error to Saginaw. Submitted April 6. Decided April 25.

APPEAL from the disallowance of a claim against an estate. The claimant brings error. Affirmed.

*W. S. Tennant* for appellant.

*Wheeler & McKnight* for appellee.

GRAVES, C. J. Kroll brought a claim before commissioners who disallowed it, and he appealed. In order to give it a more formal shape he filed a declaration, but counsel for the estate objected that the declaration made a different case from that determined by the commissioners. The question is practically unimportant, because the original form was produced and now appears in the record, and the

controversy is fixed by it. No pleading could change the identity of the case. *Patrick v. Howard* 47 Mich. 40.

· The demand alleged for certain commissions was not supported by any testimony, and there is no occasion to comment upon it. The actual subject of contention is a claim set forth and explained in substance as follows: That Kroll had contracted with Chappell for a parcel of land of about eighty acres and then orally agreed with the firm of C. & E. Ten Eyck, composed of decedent and Isabella Ten Eyck, that the title should be taken in the name of said firm and that he should retain an interest in the land and should be paid by the firm at the rate of fifty cents per thousand feet for all merchantable pine timber standing and growing on the land, whenever it should be thereafter lumbered. That pursuant to this agreement the land was deeded to said C. & E. Ten Eyck and that there was some two million feet of timber on it of said quality. That no lumbering was done during the life-time of decedent, although the title was retained until 1880. That the property was then transferred to a firm of the same name, but composed of said Isabella Ten Eyck and two others of the name of McCormick, and that such last firm have been and are lumbering the land, wherefore the claimant demands $1000 and upwards.

Considerable testimony was given, but the circuit judge directed a verdict for the estate, and the general question is presented whether this result ought to be disturbed.

The controversy suggests several points possessing interest, but the decision may be placed on very familiar ground. The only testimony produced by the claimant to make out the alleged oral agreement with the old firm consisted of the oral testimony of Cogswell* and of a letter from decedent to McCormick, and each of these pieces of evidence had its own office and was intended to co-operate with the other for the purpose of an accurate development of the entire transaction. Taken together they were the claimant's proof to

---

*Cogswell was an employee of C. & E. Ten Eyck.

show the true arrangement. They were not alike in regard to the particulars which they tended to establish; but there was no antagonism and neither could be rejected. It was necessary to act on their combined effect. Anything shown by one and not shown by the other would have to be considered as an increment of the case brought out by the claimant himself, and not as any intruding incident to be suppressed for his benefit.

It only remains to see whether this evidence so received and considered as a whole is open to any construction which is consistent with the case presented by the claimant according to the letter before referred to. Kroll's right to be paid fifty cents per thousand feet was made conditional on his doing "all the work, lumbering, and delivering it to the boom."

Cogswell swears to what he overheard of what the claimant and decedent said in making the bargain. He does not profess to have heard all that occurred nor pretend to remember all that he heard. It is of no importance that he does not mention the condition as something he recollects to have heard specified. It is sufficient that the claimant shows the fact by means of the letter, which agrees with the oral evidence for the estate. The variance is radical. The case alleged contains no condition of the kind. The result is that the testimony did not conduce to make out the claim set up, but a transaction entirely different and subject to different principles, and hence the ruling below should not be disturbed.

The order appealed from is affirmed with costs.

The other Justices concurred.