97  577<br>
108  563

MARY C. ARMSTRONG, EXECUTRIX, ETC., v. CHARLES H. LOOMIS.

[See 49 Mich. 521; 63 Id. 355.]

*Etates of deceased persons—Claims—Action against heir.*

1. How. Stat. chap. 229, provides the only methods by which claims against the estates of deceased persons, and the expenses of administration, can be allowed and collected.
2. Purchasers of land from heirs before the estate is closed take it subject to the debts and expenses of administration, and the heirs are not liable to refund the money received on such sales to satisfy such claims.

Error to Kent. (Grove, J.) Argued November 17, 1893. Decided November 24, 1893.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Mark M. Powers,* for appellant, contended:

1. Plaintiff's contention, briefly stated, is that her testator, as

administrator of the estate of Henry Loomis, deceased, had paid out moneys in the settlement of said estate more than he had received, $750 of which was paid directly to the defendant herein, as sole heir of said estate, through his mother as his guardian; that for the money so paid out, and for his services as administrator, the judgment in his favor was rendered against said estate; that at the time of the rendering of such judgment all the assets of said estate, or the avails thereof, were in the hands of defendant, as sole heir at law of said estate; that as these assets, or the avails thereof, were more than sufficient to satisfy this judgment, and as the defendant retained said assets, or the avails thereof, together with said $750, and would not pay said judgment, he ought to respond in damages to the plaintiff to the amount of said judgment, interest, and costs.

2. The reversion of lands subject to dower is charged with the payment of the debts of the estate and charges of administration, and may be sold for the payment of the same; citing How. Stat. § 6039.

3. Many states have express statutes providing that, when the heirs of an estate convey lands which are subject to the payment of the debts of the estate and of the administration, they shall be personally liable for the payment of the same, to the extent at least of the value of such lands, or the consideration received therefor. We have in this State no express statute. But does not the construction given by this Court upon our statute making the lands of an estate liable to such payment place our judicial law upon the same plane of such an express statute, and ought it not to be so upon reason and principle? This must depend upon the fact whether we can predicate an express or implied contract between the heir and the creditor of the estate in such a case. In this State it is a well-established principle that the heir has the right to the possession and enjoyment in full of the lands of the estate, subject only to the lien of the creditors of the estate, and the possession of the executor or administrator for the purposes of administering the estate. Unless possession is taken or claimed by the executor or administrator for such purpose, the heir can enter upon the land without waiting final settlement of the estate, or in his own name bring ejectment or summary proceedings for the recovery of the lands against all persons, except the executor or administrator, and those holding under him; citing *Streeter v. Paton*, 7 Mich. 341; *Warren v. Tobey*, 32 Id. 45; *Howard v. Patrick*, 38 Id. 802.

4. The real estate of the deceased descends to his heirs subject to

the payment of his debts, and conveyances made by them before the estate is administered, and the claims paid or barred by the statute of limitations, are in like manner subject to the debts of the deceased; and, as against debts proved against the estate, our registry laws afford no protection. Subsequent purchasers take subject to the right of the administrator to have the same sold for the payment of the debts and expenses of the administration; citing *Burns v. Berry*, 42 Mich. 180; *Lafferty v. Bank*, 76 Id. 35.

5. What, then, is the legal effect of holding that the heir has the right to hold the real estate against the whole world, except as to the payment of the debts of the estate and expenses of administration, but, as to these, no conveyances made by him, no registry laws, nor anything else stands in the way? Is it not to make him a statutory trustee to hold such real estate for the payment of such debts and expenses? If so,—and why is it not so?—we have established our legal principle, that plaintiff can come into court and recover against defendant on the first count in her declaration, both upon reason and authority, for a conversion of property to his own use in disregard of his trusteeship; and this would be so upon a mere conversion of such property to his own use, without money having been received therefor. Cooley, Torts, 95; *Tuttle v. Campbell*, 74 Mich. 662, 663. But we have gone further than showing a mere conversion of property. In showing such conversion we have shown sales by defendant of the real estate, which was subject to the payment of plaintiff's claim, and money received on such sales to an amount more than sufficient to satisfy such claim.

6. It may be urged that the principle of bringing an action of *assumpsit* for the amount received on the conversion of property by the conveyance thereof applies to personal property, and not to real estate. But where is such a distinction on principle? We can see none. In each case defendant has in his hands money for the conveyance of property which ought to go to plaintiff to satisfy the interest which plaintiff had in such property. Judge Cooley, in his work on Torts (page 93), holds that it applies to a case of trust, and cites the case of *Rand v. Nesmith*, 61 Me. 111, which was a case of *assumpsit* to recover on account of lands sold by the defendant, the title to which he held in trust for plaintiff; and we have endeavored to show that such is the holding, by an heir, of real estate which is subject to the payment of the debts of the estate.

*M. C. Burch*, of counsel for appellant.

*Thomas F. McGarry* and *William F. McKnight,* for defendant.

GRANT, J.  Plaintiff's testator was the administrator of the estate of Henry Loomis, deceased, whose sole heir was the defendant, Charles H. Loomis.  At the time of Henry Loomis' death the defendant was a minor, and his mother was appointed his guardian.  It appears that Mr. Armstrong failed to render an account of his trusteeship to the probate court.  After Charles became of age, he presented a petition to that court asking for an accounting.  A long litigation followed, which finally resulted in establishing Mr. Armstrong's claim against the estate for $1,155.63. *Loomis v. Armstrong,* 63 Mich. 355.  This decision was rendered in 1886.  It does not appear that Mr. Armstrong took any further steps to enforce this claim.  He died January 31, 1890.  The present suit was commenced April 9, 1892.  Meanwhile, at various times, the defendant, after he became of age, and before the final judgment in *Loomis v. Armstrong,* sold the lands which belonged to his father's estate, and conveyed the same by warranty deeds.  Plaintiff now seeks to recover from him, in an action of *assumpsit,* the amount of the adjudicated claim against this estate, on the ground that she has ratified such sales, and that the defendant has money in his hands which equitably belongs to her.  She claims that, at the time this judgment was rendered, there were no assets of the estate of Henry Loomis in the hands or under the control of her testator out of which such judgment could be paid, but that the defendant, as the sole heir at law, was in exclusive possession and control of all the personal and real estate of said Henry. Loomis, and withheld the same from the payment of said judgment, and that he is still in the exclusive possession thereof, and still withholds it from the payment of said judgment.

Chapter 229, How. Stat., provides the only methods by which claims against the estates of deceased persons, and the expenses of administration, can be allowed and collected. If the personal estate is insufficient for those purposes, then the real estate may be sold, under the decree of the probate court. There is no law in this State for pursuing the estate in the hands of heirs or distributees. *Showers v. Robinson,* 43 Mich. 508. Purchasers of land from heirs before the estate is closed take it subject to the debts and expenses of administration. *Hill v. Mitchell,* 40 Mich. 389; *Burns v. Berry,* 42 Id. 176; *Winegar v. Newland,* 44 Id. 367. The heirs and legatees sell and convey subject to the rights of creditors and administrators. They cannot, therefore, be held liable to refund the moneys which they have so received. Their purchasers assume all the risk, and the property in which they have purchased an interest is alone liable for such debts and expenses.

Judgment for the defendant was correct, and is affirmed.

HOOKER, C. J., McGRATH and LONG, JJ., concurred. MONTGOMERY, J., did not sit.