*In re* SULLIVAN'S ESTATE.

STANISZEWSKI *v.* LANE.

1. ESTATES OF DECEDENTS— PERSONAL INJURIES —ALLOWANCE OF CLAIMS—COMMISSIONERS.
    Commissioners on claims in probate court have jurisdiction to hear and determine claims against decedents for personal injuries. 3 Comp. Laws, §§ 9378, 9381.

2. SAME— PLEADING— CLAIMS— EXECUTORS AND ADMINISTRATORS.
    Notice to the executors or administrators of an estate of the filing of a claim, is not required by statute.

3. SAME.
    A sworn statement of the facts claimed by claimant filed with the commissioners on claims, setting forth the manner in which claimant was injured and his claim of negligence, is sufficient without a formal declaration.

4. NEGLIGENCE—LANDLORD AND TENANT—INSPECTION.

　　A landlord owes a duty to persons using his premises in a lawful manner, to inspect a board covering of an areaway over which such persons must pass in entering upon the premises from the street

5. SAME—CUSTOM.

　　An alleged custom prevailing in a city, to make inspection of board walks, floors, etc., at certain times and in certain ways shown by the testimony, may not be considered to increase or diminish the common-law duty of a landlord to inspect his premises.

Error to Wayne; Murphy, J. Submitted April 5, 1911. (Docket No. 14.) Decided May 8, 1911.

Valentine Staniszewski presented a claim of personal injuries against the estate of Ellen Sullivan, deceased. It was disallowed by the commissioners on claims and claimant appealed to the circuit court. Judgment for claimant. Defendant brings error. Reversed.

*William P. Lane*, for appellant.

*Dohany & Dohany*, for appellee.

HOOKER, J. The claimant, a young man, was injured by the giving way of a floor outside of the entrance door, but within the walls, of a building belonging to a woman who afterwards died. The place is called in the record and briefs an areaway, through which the various tenants of the owner passed when entering or leaving their respective premises. After the owner's death a claim was filed before commissioners, a hearing was had, and the claim was disallowed. We understand that the claim was contested before the commissioners. The claimant appealed, and the cause was tried in the circuit court, where claimant obtained a verdict for $1,200, and the executor has now appealed.

Counsel for the defendant raise several questions:

*First.* That the claim is one which could not lawfully be prosecuted before commissioners.

*Second.* If wrong in this, it was necessary that written notice of the claim in the form of a declaration should have been given the representative of deceased.

*Third.* That, it appearing that the defect was latent, no duty of inspection existed, and a verdict should have been directed for the defendant. .

*Fourth.* That the court erred in allowing the jury to find a custom binding on the defendant as to inspection.

*First.* **Probate Jurisdiction.** This case is a plain claim for damages, based on alleged negligence of an intestate, and the probate court has jurisdiction, as is shown by the following sections of the Compiled Laws:

"(9378) Sec. 12. The commissioners shall have power to try and decide upon all claims which by law survive against or in favor of executors and administrators, except claims for the possession or title of real estate; and may examine and allow all demands, at their then present value, which may be payable at a future day, including claims payable in specific articles, and may offset such demands in the same manner in favor of the estate."

. "(9381) Sec. 15. When commissioners shall be appointed, as provided in this chapter, for examining and allowing claims against any estate, no action shall be commenced against the executor or administrator, except actions of ejectment, or other actions to recover the seisin or possession of real estate, and actions of replevin, nor shall any attachment or execution be issued against the estate of the deceased, until the expiration of the time limited by the court for the payment of debts."

See, also, *Blickley* v. *Luce's Estate,* 148 Mich. 235 (111 N. W. 752); *Armstrong* v. *Loomis,* 97 Mich. 577 (56 N. W. 938).

*Second.* **Pleading.** The record shows a claim entitled in the probate court, sworn to on February 3, 1908. It contains a short, but plain, statement of the accident, injury, and consequent damage to claimant, and an obvious claim that the accident was due to decedent's negligence. It does not appear when this was filed; but the claim of appeal states that such a claim was disallowed by the commissioners, as appears from their report filed in probate court, February 18, 1908. The statute does not appear to

require notice to the executor of the filing of a claim, and if, as in this case, an appeal is taken from the action of commissioners, the claim stands as the declaration, in the absence of more formal pleadings. *White* v. *Allen*, 18 Mich. 194; *Hillebrands* v. *Nibbelink*, 40 Mich. 646; *Patrick* v. *Howard*, 47 Mich. 40 (10 N. W. 71); *Kroll* v. *Ten Eyke Estate*, 48 Mich. 230 (12 N. W. 164). This record contains a formal declaration, dated March 14, 1908. It is entitled "In probate court," but the only evidence that it was ever filed anywhere is the fact that it is a part of the record. We think the original claim is sufficient for the case. Records should always show the dates of filing of papers. See Supreme Court Rule 35.

*Third*. Inspection. It is contended that the case of *Thomas* v. *City of Flint*, 123 Mich. 10 (81 N. W. 936), should rule this case, and that a landlord is under no obligation to inspect further than to discover patent defects. That case turned on the question of statutory notice, which we held could not be implied from a mere failure to inspect. It has no application to this case, which must turn on the common-law rule, under which there was a question for the jury.

*Fourth*. Custom. Counsel undertook to prove by a carpenter that there was a custom among landlords of such premises in Detroit to have such places as the one shown in this case examined for such latent defects as the one in this case once in three months, and tested by jumping upon or trying the several boards, and the judge charged the jury:

"The owner of premises, through which another has the right to pass to and fro, has upon him the duty of keeping the premises in a reasonable condition of repair; and, in order that the owner may ascertain whether or not that reasonable condition of repair is maintained, the owner likewise has the duty of making such a reasonable inspection of the premises as will discover whether the premises are in a condition of reasonable repair. That duty is imposed upon the owner of the premises through which an-

other, such as the plaintiff, has the right to enter and leave.

"But there is a further claim made here, gentlemen of the jury, that in this community there existed a custom among the owners of premises as to the precise time and manner in which inspection was made. It is for you to say, under the plaintiff's claim, whether or not any such custom as claimed has been proven. To amount to a custom, a practice must have been universally observed in the community. Not only must its observance have been universal, but it must have been so long-continued and uniform that the owners of all property will be presumed to know of the existence of the custom. Is any such custom as to time and manner of inspection established here? If not, then you should dismiss that phase of the case from any consideration. For, if there were no customary inspection established by the proof here, clearly no duty would arise upon the part of the owner of the premises, based upon any custom. If, on the other hand, you should be satisfied from the evidence—and it is the evidence alone which may rightly satisfy you—that there had obtained in this community any settled practice, universally observed by the owners of property, uniform and long-continued in character, by which said owners are called upon or did from time to time make inspection of such premises as are here involved, then, if such a custom be proved, the owner of these premises would be chargeable with the observance of that custom.

"Now, then, gentlemen, if the custom be established—and you will observe that that is, in the first instance, a question of fact for you—if the custom be established by the evidence here, the question arises, Would an inspection of these premises, conformable to that custom, have discovered this defect and enabled the owner to remedy it, before the time when the plaintiff claims to have been injured? If so, then and in that event the defendant would be liable. If not, then the defendant would not be liable. So much, then, for that phase of the case, resting upon the claim of the plaintiff that there was incumbent upon the owner of the premises a certain kind of inspection, conformable to a custom existing in this community. And, in approaching that phase of the case, you are first to ascertain whether any such custom is established, bearing in mind that, to be binding upon the owner of the premises, it must be shown to have been established

for such a long-continued period of time, and to have been so uniform and generally observed by the owners in this community, that the owner of these premises presumably knew of the existence of that custom. And, if that is not to be concluded from the testimony, then any claim, based upon the customary inspection, is to be eliminated. If custom be established, on the other hand, then the questions suggested for your consideration arise.

" If you find that there was no custom existing at the time in question here, in reference to the inspection of such premises as these by the owners thereof, then I say, notwithstanding any such claim of custom which is made here, there would still exist the duty incumbent upon the owners of these premises to give what the law calls a reasonable inspection of the premises. Now, what would be a reasonable inspection of the premises by the owner of them ? That presents distinctly and solely a question of fact for your decision. Bearing in mind these premises, bearing in mind the place in which it is claimed that there was a defect in the flooring, bearing in mind all the attendant conditions and circumstances, you may rightly say that such an inspection was required from the owner of the premises as a reasonable person of ordinary care and prudence would make from time to time, to ascertain whether the premises were in a condition of reasonable repair. (2) That would be the sole measure of the duty of the owner with reference to any reasonable inspection of the premises."

We are of the opinion that this was error. The law fixes the obligations of landlords as to the duties due to persons who lawfully use their premises, and such duties are not to be increased or diminished by the precautions that other landlords may take or omit under similar circumstances. The instruction permitted the jury to go beyond the general rule that negligence implies the want of that care which may reasonably be expected from men of ordinary prudence, and allow them to set up another standard.

The judgment is reversed, and a new trial ordered.

OSTRANDER, C. J., and BIRD, MOORE, and McALVAY, JJ., concurred.