*In re* CHAMBERLAIN'S ESTATE.
CHABRE *v.* PAGE.

1. STATUTES—TITLE OF ACT—OBJECT OF ACT.
    While the title of the probate code is no part of the act, it does fairly express the object and purpose thereof (Act No. 288, Pub. Acts 1939).

2. SAME—INTERPRETATION.
    In the interpretation of a statute the intention of the legislature should be ascertained, and, if possible, effect given to every word, sentence, and section thereof.

3. SAME—PLAIN, UNAMBIGUOUS LANGUAGE.
    If the language employed in a statute is plain, certain, and unambiguous, a bare reading suffices and no interpretation is necessary.

4. SAME—CONSTRUCTION OF ENTIRE ACT.
   To the end that every word, sentence, and section of a statute be given effect, the entire act must be read and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole.

5. COURTS—PROBATE COURT JURISDICTION—STATUTES.
   Jurisdiction of the probate court is derived entirely from statute, none of it from the common law.

6. SAME—PROBATE COURTS—PROBATE CODE.
   In enacting the probate code, it was the unmistakable intent of the legislature to give the probate court jurisdiction to hear and decide all claims against an estate (Act No. 288, chap. 1, § 19, chap. 8, §§ 1, 3, 19, 22, Pub. Acts 1939).

7. STATUTES—CONSTRUCTION—CLAIM.
   Since the probate code does not contain a definition of the word "claims," it must be assumed the legislature had in mind the general provisions of the statutes relating to construction of statutes that "all words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning" (1 Comp. Laws 1929, § 76; Act No. 288, chap. 8, §§ 3, 19, 22, Pub. Acts 1939).

8. WORDS AND PHRASES—CLAIM.
   The word "claim" is sufficiently comprehensive to embrace actions sounding in tort as well as those founded upon contract and is generally construed as referring to demands of a pecuniary nature and which could have been enforced against the deceased in his lifetime.

9. STATUTES—USE OF JUDICIALLY INTERPRETED LANGUAGE.
   The legislature is presumed to have used words which have been subject to judicial interpretation in the sense in which they have been interpreted.

10. COURTS—PROBATE—CIRCUIT—JURISDICTION—TORT CLAIMS.
    In view of the change from the language used in former statutes relating to the jurisdiction of the probate court to that used in the probate code, the latter is construed as giving the probate court jurisdiction of claims *ex delicto* as well as *ex contractu* so as to make it optional upon the part of a

claimant to file a claim based upon a tort in either the probate or circuit court (3 Comp. Laws 1929, §§ 15685, 15688; Act No. 288, chap. 1, § 19; chap. 8, §§ 1, 3, 19, 22, Pub. Acts 1939).

BOYLES, J., dissenting.

Appeal from Montcalm; Hawley (Royal A.), J. Submitted April 9, 1941. (Docket No. 34, Calendar No. 41,481.) Decided June 30, 1941.

In the matter of the estate of Grant Chamberlain, deceased. Joseph Samuel Chabre, administrator of the estate of Lula Chabre, deceased, filed his claim for damages for death of his decedent. Claim allowed. Dale Page, executor of the Chamberlain estate, appealed to circuit court. Appeal and claim dismissed. Claimant appeals. Reversed and remanded.

*Butler & Donley,* for plaintiff.

*Brake & Miel,* for defendant.

SHARPE, C. J. We are called upon to determine whether under Act No. 288, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-1 [1] *et seq.,* Stat. Ann. 1940 Cum. Supp. § 27.3178 [1] *et seq.*) (probate code), the probate court has jurisdiction to hear and determine claims based upon torts against estates of decedents.

A claim based upon a tort was presented and allowed by the probate court. Appeal was taken by the defendant, executor of the estate of Grant Chamberlain, deceased, to the circuit court; and upon motion of the defendant, the circuit court entered the following order:

"It appears to the court that under the present statute, namely, chapter 8, § 22, of the probate code

of this State, that this court has original jurisdiction rather than appellate jurisdiction over the matters involved in this controversy and that the probate court of Montcalm county had no jurisdiction to hear and determine said claim.

"Therefore * * * It is ordered that said appeal shall be, and the same is hereby, dismissed, that the probate court has no jurisdiction to hear and determine said claim and that said claim shall be, and the same is hereby, likewise dismissed from said court."

Plaintiff, claimant in the probate court, appeals and contends that under the present act, at the option of the claimant, claims based upon torts may be filed in the probate court; that the probate court has jurisdiction to hear and allow such claims; or that an action of trespass on the case may be brought against the executor or administrator in the circuit court having jurisdiction of the parties.

In 1939, the legislature passed Act No. 288, entitled:

"An act to revise and consolidate the statutes relating to the organization and jurisdiction of the probate courts of this State; the powers and duties of such courts; * * * to prescribe the manner and time within which claims against estates and other actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in actions and proceedings in said court; * * * and to repeal certain acts and parts of acts."

Although the title is no part of the act (*People* v. *Powell,* 280 Mich. 699 [111 A. L. R. 721]), it fairly expresses its object and purpose.

The act provides:

## "CHAPTER 1.

"SEC. 19.   Each judge of probate shall have jurisdiction:

"1. Of all matters relating to the settlement of the estates of all deceased persons, whether testate or intestate. * * *

"5. And shall have and exercise all such other powers and jurisdiction as are or may be conferred by law. * * *

"Chapter 8.

"Section 1. * * * a decedent's * * * estate, both real and personal, is subject to the payment of his debts, but no debts except those which are secured by a lien upon the property of the decedent * * * shall be paid unless filed in the probate court and allowed by the court. * * *

"Sec. 3. All claims in each estate shall be heard by the probate court unless such probate court shall appoint a referee or referees to hear claims. * * * And all orders of the probate court allowing or disallowing in whole or in part such claims or offsets shall be final orders and appealable. * * *

"Sec. 19. Any fiduciary, under the order of the probate judge, after such notice as he may direct, or without notice in his discretion, may adjust, settle or compromise any claim for or against the estate of a decedent or ward. * * *

"Sec. 22. No action shall be commenced against the executor or administrator except actions of ejectment, or other actions to recover seizin or possession of real estate, and actions of replevin and trespass on the case * * * until the expiration of the time limited by the court for the payment of debts: *Provided*, * * * Plaintiff may file in the probate court having jurisdiction of said estate a notice of suit pending. After the filing of such notice no assignment of property to heirs * * * shall be made to creditors within the fifth class. * * * The final judgment rendered in such action shall be certified to the probate court by the county clerk upon the same becoming final whereupon such judgment shall have the same effect as all other approved claims of the same class against said estate."

Defendant contends that by the inclusion of the words "trespass on the case" in Act No. 288, chap. 8, § 22, Pub. Acts 1939, the circuit court is vested with exclusive original jurisdiction over tort claims.

We are confronted here with a problem of statutory interpretation and can do no better than again repeat the often-quoted cardinal rule as stated in *City of Grand Rapids* v. *Crocker,* 219 Mich. 178, 182:

"There seems to be no lack of harmony in the rules governing the interpretation of statutes. All are agreed that the primary one is to ascertain and give effect to the intention of the legislature. All others serve but as guides to assist the courts in determining such intent with a greater degree of certainty. If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary. The rule is no less elementary that effect must be given, if possible, to every word, sentence and section. To that end, the entire act must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole."

The Constitution of 1908, art. 7, § 13, provides:

"In each county organized for judicial purposes, there shall be a probate court. The jurisdiction, powers and duties of such courts and of the judges thereof shall be prescribed by law."

And in *Re Estate of Meredith,* 275 Mich. 278, 289 (104 A. L. R. 348), this court said:

"The probate court derives none of its jurisdiction or power from the common law, *Grady* v. *Hughes,* 64 Mich. 540, but must find the warrant for all its doings in the statute. *Grady* v. *Hughes, supra; United States Gypsum Co.* v. *Kent Circuit*

*Judge,* 150 Mich. 668; *Nolan* v. *Garrison,* 156 Mich. 397; *Rodgers* v. *Huntley,* 166 Mich. 129.''

The statute before us clearly and expressly gives to the probate court jurisdiction ''of all matters relating to the settlement of the estates of all deceased persons;'' it provides that claims in each estate shall be heard by the probate court or a referee and that the probate court shall allow or disallow such claims; it also gives the probate court power to authorize a fiduciary to ''adjust, settle or compromise any claim for or against the estate of a decedent;'' and further provides that no debts of a decedent, except in a specially mentioned case, shall be paid unless filed in the probate court and allowed by the court.

Considering these sections of the act, it would seem that the clear and unmistakable intent of the legislature was to give the probate court jurisdiction to hear and decide all claims against an estate.

Defendant does not contend that the legislature used the word ''claims'' in a restricted sense excluding claims *ex delicto.* The act does not contain a definition of the term and we must assume that the legislature had in mind 1 Comp. Laws 1929, § 76 (Stat. Ann.· § 2.212), which provides:

''In the construction of the statutes of this State, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, that is to say:

''1.   All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.''

In *Carne* v. *Litchfield,* 2 Mich. 340, it was said:

"The word 'claim,' is sufficiently comprehensive to embrace actions sounding in tort, as those founded upon contract; and we are at liberty to give to it an enlarged or restricted meaning, according as the intention of the legislature can be best carried into effect."

In *Re Quinney's Estate,* 287 Mich. 329, this court quoted with approval from *Knutsen* v. *Krook,* 111 Minn. 352 (127 N. W. 11, 20 Ann. Cas. 852), and said:

"The word 'claims' is 'by authorities generally construed as referring to demands of a pecuniary nature and which could have been enforced against the deceased in his lifetime.' "

In *People* v. *Powell, supra,* this court said:

"Where the language used has been subject to judicial interpretation, the legislature is presumed to have used particular words in the sense in which they have been interpreted."

Prior to Act No. 288, Pub. Acts 1939, the probate court had jurisdiction over claims for damages based upon torts against a decedent's estate (*In re Sullivan's Estate,* 165 Mich. 585; *Ford* v. *Maney's Estate,* 251 Mich. 461 [70 A. L. R. 1315]) as is shown by the following sections of the 1929 Compiled Laws:

"The commissioners shall have power to try and decide upon all claims which by law survive against or in favor of executors and administrators, except claims for the possession or title of real estate; and may examine and allow all demands, at their then present value, which may be payable at a future day, including claims payable in specific articles, and may offset such demands in the same manner in

favor of the estate." (3 Comp. Laws 1929, § 15685 [Stat. Ann. § 27.2832].)

"When commissioners shall be appointed, as provided in this chapter, for examining and allowing claims against any estate, no action shall be commenced against the executor or administrator, except actions of ejectment, or other actions to recover the seizin or possession of real estate, and actions of replevin, nor shall any attachment or execution be issued against the estate of the deceased, until the expiration of the time limited by the court for the payment of debts." (3 Comp. Laws 1929, § 15688 [Stat. Ann. § 27.2835].)

We, therefore, must assume that in the present act, the legislature used the word "claims" advisedly to include claims *ex delicto* as well as claims *ex contractu*.

The trial court based its decision that the probate court had no jurisdiction to determine the claim in this case upon chapter 8, § 22, of the 1939 act, which provides:

"No action shall be commenced against the executor or administrator, except actions of ejectment, or other actions to recover the seizin or possession of real estate, and actions of replevin and trespass on the case * * * until the expiration of the time limited by the court for the payment of debts."

Defendant contends that under 3 Comp. Laws 1929, § 15688, which was displaced by chap. 8, § 22, *supra*, the probate court had no jurisdiction over actions of ejectment, or other actions to recover seizin or possession of real estate, or over replevin actions; and that the legislature by including actions of "trespass on the case" in chap. 8, § 22, in the exceptions, and leaving the other wording of the sentence substantially as it then was, intended to

take from the probate court jurisdiction over tort claims. Defendant cites no authority for his contention that under 3 Comp. Laws 1929, § 15688, the probate court had no jurisdiction over the causes of action mentioned therein, nor are we able to find any. He ignores 3 Comp. Laws 1929, § 15685, which has not been reenacted and which expressly excepted from the jurisdiction of the commission on claims "claims for the possession or title of real estate."

After a careful study of chap. 8, § 22, as a part of the entire act, we cannot agree with the defendant's contention. We have in mind that chap. 8, § 3, provides that "all claims in each estate shall be heard by the probate court unless such probate court shall appoint a referee to hear claims;" and that nowhere in the act are claims for torts excepted. In our opinion, it was the purpose and true intent of the legislature in enacting the present probate code to make it optional upon the part of a claimant to file a claim based upon a tort in the probate court or file a tort action in the circuit court.

The trial court was in error in dismissing the appeal and the cause is reversed and remanded to the circuit court for hearing upon such claim. Plaintiff may recover costs.

BUSHNELL, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred with SHARPE, C. J.

BOYLES, J. (*dissenting*). This suit was started as a claim filed in probate court. Plaintiff is the administrator of the estate of one Lula Chabre, deceased, and also the surviving husband of said deceased. Plaintiff filed claims against the estate of Grant Chamberlain for loss of services as the hus-

band of said deceased, and for damages resulting from the wrongful act of Grant Chamberlain resulting in the death of said Lula Chabre. The probate court, after hearing, allowed the claims. Defendant, as executor of the estate of Grant Chamberlain, deceased, appealed to the circuit court from the order allowing claims. In the circuit court, counsel for defendant filed a motion, dual in effect, to dismiss the appeal and also to dismiss the claims. The ground alleged for dismissal was that the probate court did not have jurisdiction to hear and allow the claims and that the circuit court had original, not appellate, jurisdiction. The circuit judge held that the probate court had no jurisdiction and entered an order dismissing both the appeal and the claims. On leave obtained, plaintiff appeals from said order. The only question here raised is whether the probate court under the provisions of the probate code enacted in 1939 now has original jurisdiction to hear claims against estates based upon trespass on the case.

The applicable statute is Act No. 288, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 16289-1 [1]–16289-13 [5], Stat. Ann. 1940 Cum. Supp. § 27.3178 [1-615]), known as the "probate code." Previous to the enactment of this code, the statute (3 Comp. Laws 1929, § 15674 [Stat. Ann. § 27.2821]) empowered the probate judge to "appoint two or more suitable persons to be commissioners, to receive, examine and adjust all claims and demands of all persons against the deceased except * * * [the exceptions do not apply to the case at bar]." Another section (3 Comp. Laws 1929, § 15681 [Stat. Ann. § 27.2828]) authorized the probate judge to hear claims himself, instead of appointing commissioners. The statute (3 Comp. Laws 1929, § 15685

[Stat. Ann. § 27.2832]) which gave the commissioners (and, therefore, the probate judge) jurisdiction to hear claims was as follows:

"The commissioners shall have power to try and decide upon all claims which by law survive against or in favor of executors and administrators, except claims for the possession or title of real estate; and may examine and allow all demands, at their then present value, which may be payable at a future day, including claims payable in specific articles, and may offset such demands in the same manner in favor of the estate."

This court held that under the provisions of these statutes, the probate court had jurisdiction over actions of tort and trespass on the case against estates of decedents. *Armstrong* v. *Loomis,* 97 Mich. 577; *Blickley* v. *Luce's Estate,* 148 Mich. 233; *In re Sullivan's Estate,* 165 Mich. 585; *Ford* v. *Maney's Estate,* 251 Mich. 461 (70 A. L. R. 1315).

Prior to the enactment of the probate code in 1939, another provision of the probate law (3 Comp. Laws 1929, § 15688 [Stat. Ann. § 27.2835]) prohibited the bringing of any action against an executor or administrator when commissioners had been appointed to examine and hear claims, except certain actions. This section was as follows:

"When commissioners shall be appointed, as provided in this chapter, for examining and allowing claims against any estate, no action shall be commenced against the executor or administrator, except actions of ejectment, or other actions to recover the seizin or possession of real estate, and actions of replevin, nor shall any attachment or execution be issued against the estate of the deceased, until the expiration of the time limited by the court for the payment of debts."

It is not claimed that this section of the law con-ferred jurisdiction on probate courts to hear and determine actions of ejectment, actions to recover seizin or possession of real estate, or actions of re-plevin. In the cases cited, the court reasoned that actions of trespass on the case, not being included in the actions permitted in other courts of com-petent jurisdiction, consequently came within the jurisdiction of the probate court. These designated actions could be brought in any court of competent jurisdiction. The most that can be claimed for this section is that it prohibited all other actions against executors or administrators (except by filing a claim in probate court), but excepted from such inhibition actions of ejectment, replevin and for possession of real estate. On that basis, this court held that claims based on tort and trespass on the case, not being within the excepted actions, might be filed as claims in probate court.

So, as far as we can find from the adjudicated cases, no claim has ever been made that commis-sioners on claims (or the probate judge) could hear and determine cases against an estate for ejectment, or replevin, or possession of land. No statute law provides for the issuance by commissioners on claims, or by a probate judge, of a writ of eject-ment against an estate, or a writ of replevin against an estate, or a writ of restitution of land. No statutory machinery has been set up for the en-forcement of such writs if issued by a probate judge. The probate court must depend solely upon statute law for its authority.

Keeping in mind that ejectment, replevin, and possessory actions for real estate could not be filed as claims in probate court under former statutes, but might be commenced against an executor or ad-ministrator in a court of competent jurisdiction, has

the probate code changed this procedure? And does this inhibition now apply equally to actions of trespass on the case? We must look to the probate code for the answers.

In the enactment of the probate code, 3 Comp. Laws 1929, § 15674 (Stat. Ann. § 27.2821), authorizing the probate judge to appoint commissioners to hear claims, has been expressly repealed; 3 Comp. Laws 1929, § 15681 (Stat. Ann. § 27.2828), authorizing the probate judge to hear claims, instead of appointing commissioners, has been expressly repealed; 3 Comp. Laws 1929, § 15685 (Stat. Ann. § 27.2832), conferring power on the commissioners to hear all claims which by law survive the death of the decedent, except for possession or title of real estate, has been expressly repealed; and 3 Comp. Laws 1929, § 15688 (Stat. Ann. § 27.2835), prohibiting the commencement of actions against executors or administrators when commissioners on claims have been appointed, except ejectment, recovery of seizin or possession of real estate, and replevin, has been expressly repealed. For the repealer, see Act No. 288, chap. 13, § 2, Pub. Acts 1939 (probate code), (Comp. Laws Supp. 1940, § 16289-13 [2], Stat. Ann. 1940 Cum. Supp. § 27.3178 [612]).

However, with one exception important in the case at bar, these statutory provisions have been substantially reenacted. Section 1 of chapter 8 of the probate code (Comp. Laws Supp. 1940, § 16289-8 [1], Stat. Ann. 1940 Cum. Supp. § 27.3178 [411]) provides that no *debts* (except those secured by lien) shall be paid unless filed in and allowed by the probate court. Note the change from "claims" to *debts*. Section 3 of chapter 8 of the code (Comp. Laws Supp. 1940, § 16289-8 [3], Stat. Ann. 1940 Cum. Supp. § 27.3178 [413]) provides that "all claims *in* each estate" shall be heard by the court,

or by referees appointed by the court, and the court shall make an order allowing or disallowing such claims. The change in statute law of particular application to the case at bar occurs in the reenactment, with certain additions, of 3 Comp. Laws 1929, § 15688 (Stat. Ann. § 27.2835), prohibiting the commencement of actions against executors or administrators, except ejectment, actions for recovery of possession of lands, and replevin. The new section of the probate code (Act No. 288, chap. 8, § 22, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16289-8 (22), Stat. Ann. 1940 Cum. Supp. § 27.3178 (432)] is as follows:

"No action shall be commenced against the executor or administrator, except actions of ejectment, or other actions to recover the seizin or possession of real estate, and actions of replevin *and trespass on the case* and any other action in which the deceased might have been properly joined with others as a party defendant, nor shall any attachment or execution be issued against the estate of the deceased, until the expiration of the time limited by the court for the payment of debts: *Provided, That such action shall be brought in the circuit court of any county having jurisdiction of the parties. Plaintiff may file in the probate court having jurisdiction of said estate a notice of suit pending.* After the filing of such notice no assignment of property to heirs, nor payment of debts, or other distribution shall be made to creditors within the fifth class except said probate court may authorize such distribution in case the executor or administrator retains sufficient assets to secure said plaintiff payment of the judgment recovered including costs. The final judgment rendered in such action shall be certified to the probate court by the county clerk upon the same becoming final whereupon such judgment shall have the same effect *as all other approved claims* of the same class against said estate.

"No person having any contingent or other lawful claim against a deceased person shall thereby be prevented from prosecuting the same against the executor, administrator, heirs, devisees or legatees, as provided by law, and in such case a claimant having a lien upon real or personal estate of the deceased, by attachment previous to his death may, on obtaining judgment, have execution against such real or personal estate.

"In no other case, except such as are expressly provided for in this chapter, shall any action be commenced or prosecuted against an executor or administrator; nor shall any writ of attachment or execution issue against such executor or administrator, or against the estate of the deceased in his hands, during the time allowed him for the payment of debts, except in the case provided for in the preceding paragraph."

It seems to be plain that actions in trespass on the case have now been placed in the same category with ejectment, actions to recover possession of real estate, and replevin. Probate courts no longer have jurisdiction over actions in trespass on the case. The probate court derives none of its jurisdiction from the common law and the probate code does not either by express language or necessary inference confer upon probate courts the authority to hear actions in trespass on the case against an estate, any more than it does to hear ejectment, possessory actions for real estate, or replevin. This conclusion in no way interferes with the authority given to *fiduciaries* by the probate code (chapter 8, § 19 [Comp. Laws Supp. 1940, § 16289-8 (19), Stat. Ann. 1940 Cum. Supp. § 27.3178 (429)]) to *adjust, settle or compromise* any claim *for or against* the estate under the order of the probate judge.

The legislative history of the enactment of the probate code bears out the conclusion we have

reached as to the legislative intent. The bill as introduced followed substantially the provisions of the former statute providing that no action be commenced against an executor or administrator, except ejectment, actions for recovery of possession of real estate, and replevin. Section 22 of chapter 8 of the bill was amended by the senate judiciary committee and reported out in the identical language now in the law (Comp. Laws Supp. 1940, § 16289-8 [22], Stat. Ann. 1940 Cum. Supp. § 27.3178 [432]). Trespass on the case was added to those actions which might be commenced against the executor or administrator in a court of competent jurisdiction. A proviso was also added that such actions might be brought in the circuit court of any county having jurisdiction of the parties, that the plaintiff might file in the probate court a notice of suit pending, and that after filing such notice no assignment of property to heirs or payment of debts or other distribution be made to creditors of the fifth class (with certain exceptions). There was also added a provision that the final judgment in such action shall be certified to the probate court by the county clerk, whereupon such judgment shall have the same effect as all other approved claims against the estate. And as a further indication of the legislative intent, this section now provides that, along with actions in ejectment, actions to recover possession of real estate, actions in replevin and in trespass on the case, shall be included "any other action in which the deceased might have been properly joined with others as a party defendant." There is no room for claiming that actions in this last-quoted classification are within the jurisdiction of the probate court. Certainly, the probate court cannot have jurisdiction of actions where two or more defendants are jointly or severally liable when one or more of the

defendants are living and another or others are deceased, merely because one or more defendants have estates pending in that court. Such claim of jurisdiction in the probate court would lead to an absurdity, because the estates of two or more deceased defendants would be probated in different proceedings, and might even be in different counties. Certainly, the probate court could not enter judgment against the living defendants. The inevitable conclusion must be that the legislature intended to include actions in trespass on the case in the same category with these other designated actions and not to confer jurisdiction on the probate court to hear the same. To hold otherwise would be to negative any effect to be given to that part of the present statute including actions in trespass on the case with the other actions referred to in this section.

The only issue raised on the appeal from probate court and before this court is whether the probate court had jurisdiction to hear and determine these claims in trespass on the case. That part of the order of the circuit court dismissing the appeal from the probate court was erroneous and should be set aside. The appeal should have been allowed. That part of the order appealed from dismissing the claims for lack of jurisdiction of the probate court should be affirmed. A question of public interest being involved, no costs should be awarded.

McALLISTER, J., took no part in this decision.