DAVID, J.
Decedent Thomas A. McNeil was killed when his plane crashed into a portion of the plaintiff city’s electrical system. Appellant city presented its claim for damages to its system to defendant J. Kenerson McNeil, as administrator of decedent’s estate as required by Probate Code, section 707. The claim was rejected but suit was not filed thereon within the three months’ period prescribed in Probate Code, section 714, for claims “then due.” Judgment followed for the administrator, and the city of Los Angeles appeals, urging that the three months’ limitation for suit upon a rejected claim under Probate Code, section 714, does not apply.
That section provides: “When a claim is rejected either by the executor or administrator or by the judge, written notice of such rejection shall be given by the executor or administrator to the holder of the claim or to the person filing or presenting it,, and the holder must bring suit in the proper court ■ against the executor or administrator, within three months after the date of service of such notice if the claim is then due, or, if not, within two months after it becomes due; otherwise the claim shall be forever barred.”
Probate Code, section 707, prior to its amendment in 1949, required presentation of “All claims arising upon contract, whether they are due, not due, or contingent . . . must be filed or presented within the time limited in the notice. . . .”
In 1949, the section was amended to include “all claims for damages for physical injuries or death or injury to property. . . .” By comparison of the language of the two sections prior to the 1949 amendment, it is urged by appellant that the limitation in section 714 requiring suit “within three months after the date of service of such notice if the claim is then due, or, if not, within two months after it becomes due” referred strictly to contractual claims; and that not having been amended, there is no limitation in section 714 pertaining to tort claims. The nonamendment of section 714 *869 when section 707 was amended is said to reveal a legislative intent to exclude tort claims from the limitation. By the same token, it may as easily be inferred that the lawmakers did not amend the section because of a belief tort claims would fall within the existing provisions of section 714; or what is equally probable, the effect of the amendment of Probate Code, section 707, on section 714 may not have been considered at all.
It is our duty to harmonize and give effect to both sections in the light of the revealed and accepted policies followed as to probate claims.
The Supreme Court in National Auto. & Cas. Ins. Co. v. Ainge (1950), 34 Cal.2d 806, 808-809 [215 P.2d 13], construing Probate Code, section 707, prior to the 1949 amendment held, “Ever since what is now section 707 was amended to include the phrase ‘arising upon contract,’ it has been regarded as defining what claims are meant by the other sections [of this chapter of the Probate Code].” It is submitted that since section 707 modified the other sections of that chapter before the 1949 amendment, that likewise the 1949 amend-men to the same section must be held to govern the applicability of Probate Code, section 714, now. The Legislature is presumed to have acted knowing the existing judicial construction of Probate Code, section 707, in relation to other sections pertaining to claims. (Estate of Moffitt (1908), 153 Cal. 359, 361 [95 P. 653, 1025, 20 L.R.A.N.S. 207]; McColgan v. Jones, Hubbard & Donnell (1938), 11 Cal.2d 243, 247 [78 P.2d 1010].)
The definition of “claim” is not limited to claims arising upon a contract, or a “debt.” An early California Supreme Court ease construed the term “claim” to mean a “legal demand for money.” Gray v. Palmer (1858), 9 Cal. 616, 636. In Fallon v. Butler (1862), 21 Cal. 24, 32 [81 Am.Dec. 140], it was held that the term “claim” in the Probate Act “has reference to such debts or demands against the decedent as might have been enforced against him in his lifetime by personal actions for the recovery of money, and upon which only a money judgment could have been rendered. ’’ (Accord: McCausland’s Estate (1878), 52 Cal. 568, 576; cf. Boulden v. Thompson (1913), 21 Cal.App. 279 [131 P. 675]; Tinkham v. Tinkham (1942), 112 Ind.App. 532 [45 N.E.2d 357, 360]; In re Quinney’s Estate (1939), 287 Mich. 329 [283 N.W. 599, 600]; Chabre v. Page (1941), 298 Mich. 278 [299 N.W. 82, *870 85]; cf. Caiola v. Hammer (1936), 14 N.J. Misc. 576 [186 A. 434, 435-436]; Sherwood v. City of Bridgeport (1937), 123 Conn. 348 [195 A. 744, 745].) A “claim” sometimes is synonymous with “cause of action.” Riddoch v. State (1912), 68 Wash. 329 [123 P. 450, 451]. Newbery v. Wilkinson (1911), 190 F. 62, 67. “Claim” embraces tort claims, Williams v. Williams (1940), 217 Ind. 581 [29 N.E.2d 557, 558]; even against an estate, Chabre v. Page, supra (1941), 298 Mich. 278 [299 N.W. 82, 85]; Bishop v. Big Sandy Lumber Co. (1917), 199 Ala. 463 [74 So. 931, 932],
A tort claim in California may be a claim or demand against the estate. (Cf. George v. McManus (1915), 27 Cal.App. 414 150 P. 73, 75].)
The cases indicate that the cause of action arises, and the general statute of limitations begins to run on tort actions for injury to property (Code Civ. Proc., § 338) at the time the injury is sustained. Roth v. Cottrell (1952), 112 Cal.App.2d Cal.App.2d 562, 583, 584 [153 P.2d 69]; Gale v. McDaniel 621 [246 P.2d 958]; Smith v. City of Los Angeles (1944), 66 (1887), 72 Cal. 334 [13 P. 871]; Centerville & Kingsburg Irr. Ditch Co. v. Sanger Lumber Co. (1903), 140 Cal. 385 [73 P. 1079].
The purpose of filing a tort claim is to permit investigation and possible settlement without expenses of extensive litigation. This purpose, having been served, followed by rejection of the claim,- the -bar to suit is then removed. If it were not contended that some, amount was ‘ ‘ due ’ ’ from the estate, there would be no claim at all. A tort claim is not contingent even when damages are unliquidated. But here, the damage items pertain to property and are specific, and the cause of action has accrued. We hold both tort and contract claims are covered by the provisions of California Probate Code, section 714. Radar v. Rogers, 49 Cal.2d 243 [317 P.2d 17], impliedly recognizes the applicability of Probate Code, section 714, to tort claims.
Since section 714 is applicable to tort claims the appellant must stand or fall upon its second contention. Is compensation for a tort asserted in a probate claim, which is rejected, a claim “then due” within the meaning of section 714, so as to make applicable the three-month limitation ?
Is an unliquidated claim “now due”? If it is not, then appellant might bring suit after rejection of the claim at any time within the general statute of limitations. The delays in trial would require the estate be kept open for perhaps one *871 to three years. If a final judgment is necessary before the claim “becomes due” then section 714 is nonsense, because forsooth the two-month statute of limitations for suit set up therein would only run after suit is terminated.
In Pierce v. Johnson (1939), 136 Ohio St. 95 [23 N.E.2d 993, 125 A.L.R. 867] (and annotation at p. 871), the Supreme Court of Ohio held, that a tort claim was not a contingent claim and was “then due.” The court held that an action thereon would be barred if not commenced within two months of the notice of rejection by the executor. The term “due” should be construed in the light of the purpose of the statute in which it is found. It is a basic objective of probate to settle the estates of decedents at the earliest possible time. Hence there is reason for holding a tort liability is within the special statute of limitations in Probate Code, section 714, and we conclude the Legislature so intended.
The judgment is affirmed.
Bishop, P. J., and Swain, J., concurred.